ARMSTRONG BEATTIE, Respondent, *vs.* ANDREW COUNTY, Appellant.

1. *County railroad bonds—Andrew county—Interest on bonds, what lawful.*—In January, 1860, by the general law then in force, the county had power to issue bonds, for the Platte County Railroad Company, bearing interest at the rate of ten per cent, These bonds were not governed by § 33 of the statute touching Railroads (R. C. 1855, p. 429), limiting the interest to seven per cent. That section referred to special cases contemplated by § 31 of same act. The bonds of Andrew county were issued under different circumstances and a distinct and independent grant of power ; and as no limitation was therein imposed as to the interest, it was competent to fix any rate of interest not prohibited by law

*Appeal from Andrew Circuit Court.*

*Heren & Ray*, for Appellant.

I. Andrew county, at date of the bonds, was restricted by express statute to seven per cent. interest on bonds. (R. C. 1855, p. 429, § 33.) In the absence of charter or special law prescribing rate of interest, said county was governed by that section.

The court of Andrew county was a mere agent for the county, and bound to follow strictly the power conferred by law. (Flagg vs. Palmyra, 33 Mo., 440; St. Louis vs. Gorman, 29 Mo., 593.)

*Hall, White & Oliver*, for Respondent.

I. The Andrew County Court had the right to issue the bond and coupon sued on, under and by virtue of § 13, of the charter of the Platte County Railroad Company. (R. R. Laws Mo., 54.)

II. The revised statutes of Missouri, of 1855, which were in force when the bond and coupons sued upon were issued, authorized bonds for railroad subscriptions to bear ten per cent. interest. (R. C. 1855, p. 427, §§ 30, 31.)

III. Section 33 has no application to this case. (North Missouri R. R. Co. vs. Gott, 25 Mo., 540.)

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff to recover the amount of a bond, and two coupons, issued by the defendant. The bond was issued in January, 1860, due and payable ten years after date, bearing interest at the rate of ten per cent. per annum, and was made on account of a subscription by the defendant, to the Platte County Railroad Company. In the Circuit Court there was a judgment for the plaintiff, and the defendant has appealed the cause.

The only question necessary to be considered in the case is, whether the defendant had the legal power to make the bonds bear ten per cent. interest. The 13th section of the charter of the company, under which the authority is derived for subscribing to the stock, declares that it shall be lawful for the County Court of any county, in which any part of the route of the railroad may be, to subscribe to the stock of the company, and that it may invest its funds in the stock of the company, and issue the bonds of the county to raise funds to pay the stock thus subscribed. In this section, the power is clearly given to make the subscription and issue the bonds; but no rate of interest is prescribed.

The general law of the State permits parties to pay ten per cent. interest on bonds, notes or written obligations, and this would prevail and govern the contract unless it is shown that there is some other restriction placed upon the power. But it is now insisted on behalf of the defendant, that the general railroad law in existence when this bond was issued, prohibited the courts from making the bonds bear a greater rate of interest than seven per cent., and that, that law applied to this case.

Section 30 of the general Railroad law, (1 R. C. 1855, p. 427,) gave the County Courts power to subscribe to the capital stock of railroad companies; and by section 31, it is provided that in order to raise funds to pay the instalments which may be called for from time to time by the board of directors of such railroad, it shall be the duty of the County Court making such subscription, to issue their bonds, or levy

a special tax upon all property and taxables made taxable by law for State and County purposes, and upon the actual capital that all merchants and grocers may have invested in business in the county, to pay such instalments to be kept apart from other funds, and to be appropriated to no other purpose, than the payment of such subscriptions. There is then a further provision made, restricting the total amount of tax levied for railroad purposes in any one year, in any county to a sum not exceeding thirty per centum of the subscription made.

Section 33 is as follows: "Any county subscribing for railroad stock which shall have internal improvement funds or overflowed or swamp lands granted to it by the State, may apply such funds, or mortgage or sell such overflowed or swamp lands, to pay such subscription or any part thereof, and provide for the remainder, if any, by the tax as aforesaid; and any county or city subscribing as aforesaid, may (if so required by the railroad company to raise funds to pay the instalments, in anticipation of the collection and payment of its railroad tax) issue the bonds of such city or county of denominations not exceeding one thousand dollars, and bearing interest at a rate not exceeding seven per cent. per annum.

This last section limiting the rate of interest, has direct reference to the 31st section, which prescribes the manner of raising funds from time to time, by taxation to pay the instalments as they may be called for by the board of directors of the railroad company. If the money is not promptly collected, or is not collected in time, then the county may, if the company requires it, issue the bonds not bearing more than seven per cent. interest in anticipation of the collection and payment of the tax. These bonds are issued in special cases to meet an exigency which does not occur, and has no application to the present cause. The limitation is on bonds of the description designated in the general law, and on those bonds only. The bond in this suit was issued in a different manner and under a distinct and independent grant of power; and as no limitation was imposed as to interest, it was compe-

tent for the parties to contract for any rate which the law did not prohibit.

For which reason it follows that the judgment below mus be affirmed. The other judges concur.