FREDERICK GOTTSCHALK, Respondent, v. GUSTAV KLINGER, Appellant.

St. Louis Court of Appeals, January 22, 1889.

1. **Replevin**: TITLE IN THIRD PERSON. In an action of replevin founded on a forfeited chattel mortgage executed by the defendant, he cannot set up in defense that a third person holds a better title than that of the plaintiff by reason of a prior mortgage delivered to such third person by the defendant—thus implying a breach of his own warranty of the plaintiff's title—and especially when it does not appear that the condition of such prior mortgage has been broken.

2. **Justices of the Peace** : JURISDICTION : REPLEVIN. In a replevin suit before a justice of the peace, the value of the property as fixed by the complainant's statement and affidavit is conclusive as to the jurisdiction of the justice.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge.

AFFIRMED.

*Thomas A. Russell,* for the appellant.

When plaintiff obtained the Smith mortgage he knew the other mortgage was on record, and that as to Caroline Klinger it was void. *Bryson v. Penix,* 18 Mo. 13–15. And it would make no difference if Caroline knew the Smith mortgage was prior in date to hers. *Bevans v. Bolton,* 31 Mo. 437 ; *Hughes v. Menefee,* 29 Mo. App. 192–203. But if it were not invalid our proposition still holds good, for Caroline Klinger had a lien on the property included in his mortgage, and hence plaintiff could not be entitled to the exclusive possession of it. *Gray v. Parker,* 38 Mo. 160 ; *Cross v. Hulett,* 53 Mo. 397 ; *Ingle v. Mudd,* 86 Mo. 216 ; *Fleming v. Clark,*

22 Mo. App. 218; *Andrews v. Costican*, 30 Mo. App. 29, 33; *Bosse v. Thomas*, 3 Mo. App. 472–477; *Flemming v. Clark*, 22 Mo. App. 218–222; *Young v. Glasscock*, 79 Mo. 574. And the defendant will be entitled to a return of the property to him, although the proof shows a stranger to be entitled to it. Wells on Replevin, sec. 689, and cases cited. In *Prosser v. Woodward*, 21 Wend. 205, 209, the court says: "Property in a stranger is always a good defense, no book nor any case questions it, on the contrary, all books assert it." The real obstacle in the way of plaintiff's recovery is, he did not show himself entitled to the possession of the property. The mortgage of Caroline Klinger passed the title of the property to her. Wells on Replevin, sec. 222*b*, p. 122. "The mortgage passes the title to the mortgagee subject to be redeemed, and if not redeemed it becomes absolute." See cases cited. "The registration of a chattel mortgage is equivalent to a transmutation of possession." *Miller v. Bascom*, 28 Mo. 352, 356; *Fuert v. Rowel*, 62 Mo. 524, 526. Therefore, when the Caroline Klinger mortgage was recorded, on October 22, the title to the property was transmitted to her, and so far as she was concerned the Smith mortgage was void (*Hughes v. Menefee*, 29 Mo. App. 203), and we had the right to show title in her to defeat plaintiff's recovery. *Hubbell v. Allen*, 90 Mo. 574. The justice's jurisdiction depended upon the filing of a statement alleging the facts presented by the statute. Until all the prerequisite conditions to confer jurisdiction have been complied with, the justice could acquire no jurisdiction. *Ewing v. Donnelly*, 20 Mo. App. 6–9.

*Ed. L. Gottschalk*, for the respondent.

The fact that a mortgage subsequent in date, but prior by way of record, securing a debt not due, is held by a third party, does not establish title in the third party. *Barnett v. Timberlake*, 57 Mo. 499; *Sheble v.*

*Curdt*, 56 Mo. 437; *Stonebraker v. Ford*, 81 Mo. 537. As to jurisdiction : The amount involved was found by the court as a fact to be within the justice's jurisdiction, and declared the law accordingly. The finding of said fact is not reviewable here, as no point is made on it. Plaintiff being a purchaser in good faith ( this is a fact found by the court) for value of a negotiable note before its maturity, is entitled to the mortgage securing it as an incident thereto. *Hagerman v. Sutton*, 91 Mo. 520. And the plaintiff by proving up his mortgage, note, that it is due, the possession of the mortgageor makes out a *prima-facie* case. *Turner v. Langdon*, 85 Mo. 438.

BIGGS, J.; delivered the opinion of the court.

This was an action of replevin instituted by the respondent, before a justice of the peace of the city of St. Louis, on the twenty-second day of April, 1886. The complaint alleged that the respondent was lawfully entitled to the possession of the personal property in controversy, of the value of two hundred and twenty-five dollars ; that the same was wrongfully detained by defendant, and praying judgment for the possession of the property, and twenty dollars damages for its detention. Respondent gave bond and the property was taken from appellant by the constable and delivered to respondent. There was a judgment for Gottschalk before the justice, and also an appeal to the circuit court. The latter trial was had at the February term, before the judge sitting as a jury. Respondent, to establish title and the right of possession of the property, read in evidence a chattel mortgage, dated on the seventeenth day of October, 1885, from appellant to one Patrick Smyth, conveying the property in suit to secure Smyth in the payment of a negotiable note for two hundred and fifty dollars, due six months after the date of the mortgage ; the note and mortgage bore the same

date. This mortgage was not recorded until January 19, 1886. The note was also read in evidence, which had a blank endorsement on its back by Smyth. Appellant objected to the reading of the mortgage because it was not recorded at the time of its execution. Respondent testified that he bought the note on March 6, 1886, from Smyth, and paid for it two hundred and thirty-five dollars and sixty cents ; that at the maturity of the note he demanded payment of appellant, and upon failure to pay, he demanded possession of the mortgaged property. The surrender of the property was refused, and thereupon respondent began this action. The execution of the note and mortgage, and the possession of the property by appellant were admitted, but appellant claimed that the judgment should be for him for two reasons : (1) "That the title to the property at the beginning of the suit was in one Caroline Klinger." (2) "That the justice had no jurisdiction of the case for the reason that the value of the property exceeded the sum of two hundred and fifty dollars."

To establish the first defense, appellant read a chattel mortgage given by him to one Caroline Klinger, by which the same property was conveyed to the said Caroline, to secure her in the payment of three notes, for three hundred dollars each, and due respectively in one, two and three years. The notes and mortgage were dated on the twenty-second day of October, 1885, and the mortgage was recorded on the same day. Both chattel mortgages contained the usual clause, that the possession of the property should remain in the mortgagor, until default was made in the payment of the debts, etc. The mortgages also provided, that, "in case of a sale or disposal, or attempt to sell or dispose of said property, or a removal of, or attempt to remove the same from the mortgagor's premises, then in such an event, the mortgagees were authorized to take possession of the property," etc.

The court, on motion of appellant, instructed as follows :

"1. If the jury believe from the evidence that the property in dispute was, at the time of the trial before the justice, of the value of more than two hundred and fifty dollars, then the justice had no jurisdiction of this action, and they should find for defendant."

"2. This is an action commenced by plaintiff to recover the possession of the property in dispute, and the burden of proof rests upon plaintiff, and before he can recover in this action he must show to the satisfaction of the jury, by a preponderance of the testimony, that at the time of the commencement of the action, he had a right to the exclusive and immediate possession thereof. If the plaintiff has failed to show this, the finding should be for the defendant."

Appellant asked the following instructions, which were refused :

"1. The jury are instructed that, to entitle the plaintiff to recover in this action, they must find that at the time he commenced his action, he was entitled to the exclusive and immediate possession of the property in dispute. If, therefore, you find that the mortgage of Caroline Klinger ( now Caroline Justis ) was a valid mortgage and was placed on record in the recorder's office for the city of St. Louis, before the mortgage under which plaintiff claims, then plaintiff was not entitled to the exclusive possession of said property, and your verdict should be for the defendant."

"2. The jury are instructed that, although they may believe from the evidence that the mortgage under which plaintiff claims was prior in date to that given by defendant to his sister Caroline Klinger ( now Caroline Justis ), yet if they further believe that the mortgage of said Caroline Klinger was placed on record in the office of the recorder of deeds for the city of St. Louis before

the mortgage under which plaintiff claims, then their verdict should be for the defendant."

The refusal of the court to give these instructions is assigned as error in this court.

The mortgage to Patrick Smyth, whether recorded or not, was good between the parties ; if not recorded, subsequent incumbrances would take precedence over it. As to Caroline Klinger, the respondent occupied the position of a junior mortgagee.

I. In a suit of replevin the general rule is that defendant has the right to introduce any testimony to disprove that, at the date of the institution of the suit, the plaintiff was the owner of the property sued for. Under this rule, defendant is permitted to show title in a third party at the date of the institution of the suit. *Stern v. Mason*, 16 Mo. App. 473 ; *Young v. Glasscock*, 79 Mo. 575. But we think there may be exceptions to this rule. In any case, however, in order to prevent a recovery, it must appear that the title to the property, at the date of the filing of the suit, was in some third party, and that the latter was entitled to its immediate possession. It is the law in this state, that, "until default, or condition broken, the mortgagee is not considered the owner of the property and is not entitled to its possession." *Barnett v. Timberlake*, 57 Mo. 499 ; *Sheble v. Curdt*, 56 Mo. 43. The debt secured by the mortgage to Caroline Klinger was not due at the time of the commencement of this suit, and there is no evidence or pretense that any other condition in the mortgage had been broken, and that the said Caroline Klinger, on account thereof, had asserted her rights to the property. But even though the conditions of the mortgage had been broken at the time this action was commenced, yet it is very questionable whether defendant could have asserted ownership in Caroline Klinger as against plaintiff.

The case of *Adams v. Wildes*, 107 Mass. 123, was a case similar to this. It was replevin by a junior mortgagee against the assignee of the mortgagor to recover

possession of mortgaged property. Title in a prior mortgagee was relied on as a defense to the action. The court, in passing on this defense, said : "It is objected that the rotary pump was proved to have been, at the time it was mortgaged, the property of a third party, and that the defendant was therefore entitled to a judgment for its return. But under the circumstances here stated, this proof was not alone sufficient to support this claim. The pump was in the possession of Gay (mortgagor) at the time it was mortgaged to the plaintiff's intestate ; he had the apparent ownership and there was an implied warranty of title. Gay himself would not be allowed to defeat the title by setting up ownership in another, and the defendant who takes from him subject to these mortgages, and takes by no other title, and in his answer sets up title in no one else, must stand in his position in this respect, and cannot now set up the title of a third party under which he does not pretend to claim, and under which the property never has been claimed by him or any one else.   *   *   * The prior mortgage to Dodge, so long as no claim was made under it upon the defendant, and no actual possession of the property taken, cannot be used to defeat the plaintiff's right of property and possession. The underlying principle of this decision is, that a vendor is estopped from setting up title in a third party, where the assertion of such title is equivalent to the admission of the breach on his part of an implied warranty of title. That in a contest between himself and his vendee, he should not now be heard to say that he had no title at the date of the sale, although at that date he asserted to his vendee that he had good title. While the cases are not strictly analogous, the principle governing them is the same. The mortgagor, in the case at bar, should not be permitted, in order to defeat title created by himself, to set up a title in another created by his own fraud and statutory crime. R. S. secs. 1339, 1340. We think the court did right in refusing the instructions.

II.  The question of jurisdiction must also be decided adversely to appellant.  The value of the property, as fixed by the statement and affidavit of a complainant, in a replevin suit, is conclusive as to the jurisdiction of a justice of the peace.  Section 2895, Revised Statutes, 1879, is as follows: "The value of the property, as set forth in the statement and affidavit, shall fix the jurisdiction of the justice so far as the value is concerned."  The value of the property and the damages for its detention, as fixed by the statement and affidavit, was two hundred and forty-five dollars.  This brought the case within the jurisdiction of the justice. R. S. 1879, sec. 2881.  It follows that appellant's instruction number one, concerning the question of jurisdiction ought to have been refused.  But the error was committed in appellant's favor.  But aside from the statute, this objection of appellant's would avail him nothing, for the reason that the court, sitting as a jury, found that the value of the property *was* within the jurisdiction of the justice of the peace.  There was evidence to authorize this finding, which would prevent this court from interfering.

There was some proof at the trial, to the effect that there was no consideration for the Patrick Smyth note, and that respondent was not an innocent purchaser. Both of these questions of fact, however, were determined adversely to appellant by the trial court, and we do not understand from the record and briefs that they are pressed in this court.  Finding no error in the record, the judgment, with the concurrence of the other judges, will be affirmed.