A. D. Puffer & Sons Manufacturing Company, a Corporation duly incorporated under the laws of Massachusetts *vs.* Eugene May and Peter Liedlich, Partners, trading under the firm name of E. May & Co.

*Replevin—Defense—Mortgagee—Estoppel—Evidence.*

Where in an action of replevin, to pleas of property in defendant, *non cepit*, and property in a third person, the plaintiff replies alleging property in itself, and the issue is on such replication, the burden of proving such allegation is on the plaintiff.

A chattel mortgage, containing no condition as to the right of the mortgagor to retain possession until default, vests in the mortgagee or both the legal estate and the right of possession.

In replevin by a vendor of property against one who has bought it from the vendee and has assumed the indebtedness, a mortgage made by the latter to a third person is inadmissible in evidence to sustain a plea of title in the mortgagee, such defendant being estopped to set up a title created by himself to defeat the rights of the vendor.

Evidence as to whether such third person took the mortgage in his own name to secure debts due to the company of which he was agent, or to himself, is irrelevant.

Appeal from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court. The cause was tried before the Court without the intervention of a jury.

*First Exception.*—The defendants offered in evidence the record of the chattel mortgage from Eugene May to George C. Sucro. The plaintiff objected to its admissibility. The Court (Jones, J.,) overruled the objection and admitted the mortgage in evidence.

Puffer & Sons *vs.* May & Co.

*Second Exception.*—After the foregoing exception had been taken, the defendants gave in evidence said mortgage, and thereupon the plaintiff moved to strike out the evidence of said mortgage. The Court overruled the motion, and refused to strike out the evidence. The plaintiff excepted.

*Third Exception.*—The defendants proved by Harry C. Roberts a competent witness, that he lived in Baltimore, and was connected with the Baltimore branch of the Bartholomay Brewing Co. of New York; that he was the cashier and confidential clerk of George C. Sucro, the general manager of the Baltimore branch of said company. The defendants then offered to prove by said witness that the said Sucro took mortgages in his own name to secure debts due said company; that such was the usual course of business; and that he did so with the consent, and in accordance with the instructions of said company. The plaintiff objected to the admissibility of the proof offered. The Court overruled the objection, and the plaintiff excepted.

*Fourth Exception.*—After the foregoing exception had been taken, the witness testified that the said Sucro generally took mortgages in his own name to secure debts due the Bartholomay Brewing Company, and that such was the usual course of business of said company. The plaintiff thereupon moved the Court to strike out said proof. The Court refused to strike out the evidence, and the plaintiff excepted.

*Fifth Exception.*—The plaintiff offered the five following prayers:

1. That if the Court, sitting as a jury, shall believe from the evidence in the cause that C. E. Jerome & Bro., executed and delivered to the plaintiff the contract and notes, dated 17th of April, 1890, offered in evidence, and shall further find from the evidence, that said C. E. Jerome & Bro., received from the plaintiff the machinery

and property mentioned in said contract and subject to the terms thereof, if the Court sitting as a jury so find; and shall further find that the plaintiff had not been paid the sum or sums of money which said C. E. Jerome & Bro., by the terms of said contract, agreed to pay, if the Court sitting as jury so find; and shall further find that said firm of E. May & Co., had knowledge, at or before they obtained possession of said machinery and property, that said C. E. Jerome & Bro., had purchased the same under the terms of the said contract offered in evidence, if the Court sitting as a jury so find; or that said E. May & Co., had knowledge that C. E. Jerome & Bro., had not paid plaintiff for said machinery and property, that the same were not to become the property of said C. E. Jerome & Bro , until paid for, if the Court sitting as a jury so find; or that said E. May & Co., had knowledge that the title to the said machinery and property was to remain in the plaintiff until they had been paid for, their verdict must be for the plaintiff on the issue joined on the first plea.

2. That if said defendants, E. May & Co., or either of the members of said firm had knowledge that the plaintiff had a lien or claim against the property replevied in this cause before they obtained prosession of the same, if the jury so find, that then the verdict of the jury must be for the plaintiff on the issue joined on the first plea. .

3. That there is no legally sufficient evidence in the cause from which the jury can find for the Bartholomay Brewing Company on the issue joined on the fourth plea.

4. That if the jury find from the evidence that the money intended to be secured by the chattel mortgage offered in evidence, was due and owing to the Bartholomay Brewing Company, a foreign corporation, if the jury so find, and shall further find that said Sucro was

only the agent of said company, or the manager of a branch of said company, and that no part of said money intended to be secured by the said mortgage was due and owing to said Sucro, if the jury so find; that then the jury are not at liberty to consider said mortgage as evidence of, or tending to prove, title to or ownership of said machinery and property mentioned in the writ in this cause, on the issue joined on the third plea.

5. That the jury are not at liberty to consider said mortgage from Eugene May to George C. Sucro, offered in evidence, as evidence of, or as tending to prove title to or ownership of the said machinery and property mentioned in the writ in this cause, on the issue joined on the fourth plea.

The defendants offered the four prayers following:

1. If the Court, acting as a jury, believe from the evidence, that on or about April 17th, 1890, C. E. Jerome & Bro. executed the lease offered in evidence, upon the property replevied, and that on or about the 2nd day of June, 1890, the said C. E. Jerome & Bro. sold or transferred their interest in said property replevied to Eugene May; and that said May had knowledge of the provisions of said lease at the time of said sale or transfer; and that said May subsequently, and before the issuing of the writ in this cause, sold or transferred the property replevied, by way of mortgage to one George C. Sucro; and shall further find that the said George C. Sucro was the general manager of the Baltimore branch of the Bartholomay Brewing Co., a body corporate, and as such general manager was authorized and empowered to take mortgages in his own name for and in behalf of his principal, if the Court sitting as a jury shall so find; and shall further find that the said George C. Sucro took the mortgage, offered in evidence, in his own name for and in behalf of the said the Bartholomay Brewing Company, and by the authority

of said company, for and on account of a sale of goods by the said Bartholomay Brewing Company to the said May, if the Court sitting as a jury shall so find; and shall further find that the whole or any part of the said mortgage indebtedness is still due and owing, then the verdict of the Court sitting as a jury must be for the defendants on the fourth plea, unless it shall further find that the said Bartholomay Brewing Company, or its agent, George C. Sucro, had knowledge of the said lease offered in evidence or of the terms upon which the said E. May held the property replevied before the execution of said mortgage.

2. That if the Court sitting as a jury, shall find from the evidence that the Bartholomay Brewing Company, a body corporate, sold to one Eugene May, goods to the value of one thousand dollars; and shall further find that for the purpose of securing the purchase money for said goods, the said May executed to George C. Sucro, the mortgage offered in evidence; and shall further find that said Sucro took said mortgage to himself to secure the said payment of the said debt to his principal, the Bartholomay Brewing Company; and shall further find that said Sucro was the manager of the Baltimore branch of the said Bartholomay Brewing Company; and shall further find that it was in the regular course of his duties as manager as aforesaid, to take mortgages in his own name for debts due the said Bartholomay Brewing Company; and shall further find that it was in the ordinary course of the business of the said Bartholomay Brewing Company, that the said George C. Sucro took the mortgage from May, offered in evidence; and shall further find that the goods and chattels replevied are embraced in the said mortgage offered in evidence, then the verdict of the Court sitting as a jury must be for the said, the Bartholomay Brewing Company on the fourth plea, unless it shall further

find that the said Bartholomay Brewing Company, or its manager George C. Sucro, had knowledge or information of the existence of the lease offered in evidence, or the terms upon which the said May held the property replevied, prior to the execution of the said mortgage; provided further it shall find that no part of the mortgage indebtedness remains unpaid.

3. That there is no evidence in this cause from which the Court sitting as a jury can find that the Bartholomay Brewing Company, or George C. Sucro, its general manager, had any notice of a lien or claim of the plaintiffs on the property replevied, or upon the terms upon which it was sold to E. May.

4. That the burden of proof is upon the plaintiff to show its right to the possession of, and title to, the property replevied.

The Court granted the first, second and fourth prayers of the plaintiff, and the first, third and fourth prayers of the defendants; and rejected the plaintiff's third and fifth prayers, and the defendants' second prayer. The plaintiff excepted, and the verdict and judgment being for the defendants, he appealed.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, McSHERRY, BOYD, and BRISCOE, J.

*William H. Thomas*, for the appellant.

The mortgage to Sucro and the testimony of Roberts were clearly inadmissible for the following reasons:

1. Because the contract under which C. E. Jerome & Co., obtained the property in question from the appellant, is a contract of hiring or leasing, and is not within the rulings of this Court in *Lincoln vs. Quinn*, 68 *Md.*, 296, and *Hall vs. Hinks*, 21 *Md.*, 406, so far as the right of the appellees to recover on their third and fourth pleas is concerned. In this case the principle applicable

to *bona fide* purchasers without notice does not apply. The lessee of personal property cannot dispose of the same to the prejudice of the rights of the lessor. *See-muller & Co. vs. Fuchs,* 64 *Md.,* 217.

2. Because, at the time of the issuing of the writ in this case, the mortgagor was not in default, and the mortgagee was not, therefore, entitled to the possession of the property. The covenant in the mortgage by the mortgagor to keep the property insured implies his right to the possession of the property. *Jones on Chattel Mortgages, sec.* 432; *Babcock vs. McFarland,* 43 *Ill.,* 381.

3. Because said mortgage and affidavit thereto are not in conformity with the provisions of the Code, Art. 21, secs. 30, 31 and 49, and said mortgage is therefore invalid "except as between the parties."

The debt intended to be secured by said mortgage was due and owing to the Bartholomay Brewing Company, a body corporate of the State of New York, and no part of said debt was due and owing to George C. Sucro, the mortgagee named in said mortgage. *Johnson, et al. vs. Canby, et al.,* 29 *Md.,* 211.

The sections of the Code referred to expressly provide how the mortgage should have been executed under such circumstances. It should have been taken in the name of the Bartholomay Brewing Company, and George C. Sucro, its agent or general manager, could have made the required affidavit thereto. The consideration, the Code requires, must be *true and bona fide as set forth* in the mortgage, and this must appear by the affidavit of the mortgagee, or its agent, or officer. The law does not provide that the affidavit may show some *bona fide* consideration, but it is the consideration expressed in the mortgage, which the law requires shall be *true and bona fide as therein set forth.* It is the *true character* and *nature,* as well as the *bona fides* of the consideration, that the law requires to be disclosed and verified by the

Puffer & Sons *vs.* May & Co.

affidavit. The mortgage alleges as the consideration a debt due George C. Sucro, whereas, in fact, the debt was due and owing to the Bartholomay Brewing Company. Is the consideration *true and bona fide* as set forth in the mortgage? *Cockey vs. Milne's Lessee,* 16 *Md.,* 200; *Denton and Wife vs. Griffith,* 17 *Md.,* 301; *Johnson, et al. vs. Canby, et al.,* 29 *Md.,* 211; *Marlow vs. McCubbin,* 40 *Md.,* 132.

The only other question presented by the record arises on the exception to the granting of the defendants' first and third prayers, and the rejection of the plaintiff's third and fourth prayers.

The defendants' first prayer assumes that the chattel mortgage in question, taken in connection with the proof of Sucro and Roberts, is evidence of title in the Bartholomay Brewing Company, and their third prayer is a demurrer to the proof as to knowledge on the part of the Bartholomay Brewing Company, either directly or through its agent or general manager, George C. Sucro, of the existence of the contract of Jerome & Bro., with the appellant. The plaintiff's third and fourth prayers present the converse of the proposition of the defendants' third prayer, and should have been granted.

The mortgage on its face, if evidence at all, is evidence of title in George C. Sucro. The fact that the debt, due and owing under said mortgage, was due the Bartholomay Brewing Company cannot of itself effect a transfer of the title to said company. The interest or title of the Bartholomay Brewing Company, disclosed by the proof, if deserving of recognition at all, is only such as a Court of equity can recognize and enforce. So far as the title to the property in question is involved in this case, we have only to do with the legal title such as a Court of law can respect and uphold. The prayer of the appellees is tantamount to asking the Court to usurp the functions of a Court of equity for the purpose

of declaring a trust in favor of the Bartholomay Brewing Company, which it could not do even if it were so disposed without going into all the equities between the said Company and Sucro, which may or may not, and certainly could not, be before the Court in this case. *Woodruff vs. Clark & Apgar*, 42 *N. J. L.*, 198; *Vinson vs. Ardis*, 81 *Ala.*, 271; *Garrett vs. Carlton & Sons*, 65 *Miss.*, 188.

*Harry M. Clabaugh*, for the appellees.

In the appeal in this case there are but two questions to be determined.

First—Does the agreement or lease between C. E. Jerome & Bro. and A. D. Puffer & Sons have any effect, as against a *bona fide* purchaser for value, without notice?

Second—Had George C. Sucro the legal right to take a mortgage in his own name for a debt due his principal, without making affidavit to the fact that he was agent?

In answering the first question, one is not to be deceived by the *name* given to the paper-writing referred to; it is called a lease, but in fact a perusal of it soon renders it manifest that it is a conditional sale, and so intended, and therefore a principle of law is not to be evaded by a mere mis-nomer. Whilst the paper seems to have been recorded, there is no pretence that it conforms to the requirements of a bill of sale or mortgage, and hence cannot be constructive notice, under the authorities, to any one; and to have any effect as against a *bona fide* purchaser, for value, the fact must be brought home to his notice; from the evidence in this case it is plain that Sucro had no information on the subject. The lease can have no effect in this cause, as the question has been definitely settled in this Court. *Lincoln vs. Quinn, et al.*, 68 *Md.*, 299.

In respect to the second question there can be no serious doubt. . The proof of the agency of Sucro of the Bartholomay Brewing Co., is clear and uncontradicted ; witness Roberts testifies, that the taking of mortgages by Sucro to secure debts due the Bartholomay Brewing Co., was in the usual course of the business of said company, and that Sucro generally did it. *Northern Central Railway Co. vs. Bastian*, 15 *Md.*, 494 ; *Ewell's Evans on Agency, page* 193, (*and Note.*)

But the appellant contends that an agent has no right to take a mortgage in his own name for a debt due his principal, but this view does not seem consistent with reason or the authorities ; the right seems to have been recognized in the case of *Van Riswick vs. Goodhue*, 50 *Md.*, 57 ; and 1 *Jones on Mortgages, sec.* 612, (*last paragraph,*) (*4th Edition,*) says : " An officer or agent, who takes a mortgage to himself to secure the payment of a debt to his principal, holds it by implication of law as trustee for the principal." *Rood vs. Winslow, Walker's Chan. Rep.*, (*Mich.,*) 340.

" A mortgage may be made to an agent to secure a debt due his principal, and the agent may enforce the mortgage in his own name for the benefit of the principal." *Jones on Chattel Mortgages, sec.* 52, (*2nd Ed.*) ; also, *Varney vs. Hawes*, 68 *Me.*, 442. This doctrine would seem also to be supported by the case of *Hymer vs. Ijams, Treas.*, 56 *Md.*, 479.

It is further contended by the appellant, that the Code, Art. 21, sec. 31, requires that an agent must, in addition to the affidavit of consideration, also make a further oath, "that he is the agent of the mortgagee ;" there can be no question about so plain a proposition when the agent only makes the affidavit for a mortgagee, other than himself, but when he is the mortgagee himself, on what possible ground should he make affidavit that he is the "agent of himself," or that he is the "agent of an

undisclosed principal." It is manifest, we think, that the law did not contemplate any such purpose.

There is no pretence that the utmost good faith has not prevailed on the part of Sucro; he has merely done what his principal has desired him to do and what has been done in the course of his employment as the agent of the company, and the rulings of the lower Court were in accordance with the law, as understood by the appellees.

BRISCOE, J., delivered the opinion of the Court.

This was an action of replevin brought by the appellants, a corporation duly incorporated under the laws of the State of Massachusetts against the appellees, in the Circuit Court for Carroll County, to recover certain machinery such as is generally used in "the bottling business," which was at the time in the possession of the appellees. The defendants pleaded, first, property in themselves; second, *non cepit;* third, property in George C. Sucro; fourth, property in the Bartholomay Brewing Company. The plaintiffs filed a replication to the first, third and fourth pleas, alleging property in itself, and joined issue on the second plea. The case seems, however, to have been tried upon the fourth plea, which alleged property in the Bartholomay Brewing Company.

At the trial the plaintiffs proved that the property had been sold by the appellants to C. E. Jerome & Bro., a firm of Westminster, upon the instalment plan, subject to the condition that the title and right of possession should remain in the vendors until the property had been paid for. The plaintiffs had the right, under the contract, upon a breach of its conditions to terminate it, and to resume possession of the machinery.

Afterwards, on the third of June, 1890, C. E. Jerome & Bro., who had paid but a small amount of the money,

sold their business, including the machinery, to the defendants (now appellees) and delivered the possession to them. The defendants bought with full knowledge of the existence of the original contract, and assumed to pay the liabilities to the plaintiffs.

The evidence, on the other hand, on the part of the appellees, shows that on the 11th of December, 1890, this property was mortgaged by the defendants to Sucro, to secure an indebtedness to him ; that at the time he (Sucro) had no notice or knowledge of the original contract of sale, but was a *bona fide* purchaser without notice. There was also evidence tending to show that Sucro was the agent of the Bartholomay Brewing Company, and that the mortgage had been given to secure a debt due it, and not to Sucro.

The issue then, in the case, being upon the plaintiffs' replication, alleging property in itself, the *onus probandi* was upon it to support the allegation by proof.

While the execution of the mortgage from May to Sucro passed the legal estate to the mortgagee, and as there was no condition in the mortgage as to the right of the mortgagor to retain possession until default, the right of possession followed the legal estate and vested in Sucro. There was, however, error in admitting the evidence offered in the first and second bills of exception. Although the defendants set up title in George C. Sucro by their third plea, yet it was not competent for them to sustain this plea, and to meet the issue presented by the plaintiff's replication, by introducing the mortgage to Sucro in evidence to defeat the plaintiffs' title. In the case of *Gottschalk vs. Klinger, 33 Mo. App. Reps.,* 416, it was held, "that a vendor is estopped from setting up title in a third party, where the assertion of such title is equivalent to the admission of the breach on his part of an implied warranty of title. That in a contest between himself and his vendee, he should not

now be heard to say that he had no title at the date of the sale, although at that date he asserted to his vendee that he had good title. The mortgagor should not be permitted, in order to defeat title created by himself, to set up a title in another created by his own fraud and statutory crime." And *Mr. Cobbey*, in his work on the *Law of Replevin*, thus lays down the rule: "While as a general rule a defendant in replevin is permitted to show title in a third party at the date of the institution of the suit, there are some exceptions to this rule, and the title in a third party, to be available as a defence, must be such a title as to entitle such third party to the possession at the commencement of the suit; and where the action was based upon a forfeited chattel mortgage, executed by the defendant, he cannot set up as a defence that a third person holds a better title than that of the plaintiff by reason of a prior mortgage delivered to such third person by the defendant—thus implying a breach of his own warranty of the plaintiff's title—and especially when it does not appear that the condition of such prior mortgage has been broken." *Cobbey on Replevin*, sec. 787; *Adams vs. Wildes*, 107 *Mass.*, 123; *Gottschalk vs. Klinger*, 33 *Mo. App.*, 410. There was also error in the admission of the evidence embraced in the third and fourth bills of exception. While it is true that a mortgage may be made to an agent to secure a debt due his principal, and the agent may enforce the mortgage in his own name as trustee, for the benefit of the principal, yet no such question arose in this case.

The mortgage stood in the name of the agent, and unless assigned, could only be enforced in his name. Whether he took the mortgage in his own name to secure debts due his company was not a material inquiry in this case, and the evidence was entirely irrelevant. The other questions presented by the record are on exceptions to the prayers.

There was error in the refusal of the plaintiffs' third and fifth prayers under the evidence in the case. Manifestly there was no evidence legally sufficient to prove that the title to the property which had been replevied was in the Bartholomay Brewing Company. And from what we have previously said, the mortgage from May to Sucro was not available as evidence to show title to, or ownership of, the property in controversy. These prayers should have been granted.

The defendants' first prayer being the converse of the plaintiffs' third prayer was improperly granted. The Court, therefore, erred in rejecting the plaintiffs' third and fifth prayers, and in granting the defendants' first prayer. And for these errors and for the other reasons herein assigned, the judgment will be reversed, and a new trial awarded.

*Judgment reversed, and*
*a new trial awarded.*

(Decided 22nd June, 1893.)