**J. W. C. HOWARD, Respondent, v. HENRY BAUM et al., Appellants.**

### Kansas City Court of Appeals, January 10, 1898.

1. **Fraudulent Conveyances**; PARTICIPATION OF MORTGAGEE: EXECUTION SALE. Where a mortgagee participates in the fraud of the mortgagor, his agent is not entitled to the possession of the property against a purchaser at an execution sale for the purchase money.

2. **Executions**: LEVY: SALE. Although the return on an execution does not state in terms that the officer made a levy, yet if it states that he sold and delivered the possession thereof, it sufficiently shows an actual seizure.

*Appeal from the Jasper Circuit Court.*—HON. JOS. D. PERKINS, Judge.

AFFIRMED.

*H. L. Shannon* for appellant.

(1) A mortgage taken to secure a *bona fide* debt is not invalid as against a judgment for purchase money, although the mortgagee knew at the time of accepting the mortgage that the purchase price of the mortgaged property had not been paid. *Straus v.*

*Rotham*, 102 Mo. 261; *Finke & Masse v. Pike*, 50 Mo. App. 564; *Lippman v. Campbell*, 53 Mo. App. 121. (2) Plaintiff's claim of title to the property in controversy, being derived from a pretended execution sale, is invalid, there being no evidence of a levy of said execution on said property. A levy is a necessary prerequisite to a valid execution sale. 8 Ency. of Pl. and Pr., p. 480, and authorities there cited; 8 Ency. of Pl. and Pr., p. 456; *Decker v. Lidwell*, 3 Mo. App. 586; *Barhydt v. Valk*, 12 Wend. 145. It was error to submit the case to the jury upon the proposition that an intent to hinder, delay, cheat or defraud the mortgagor's creditors, known to and concurred in by the mortgagee, would avoid the mortgage, there being nothing in the case to evoke that proposition of law. *R'y v. R'y*, 118 Mo. 625; *Fairgrieve v. Moberly*, 29 Mo. App. 141; *Schroeder v. Mason*, 25 Mo. App. 190; *Heagle v. Stove Co.*, 29 Mo. App. 486; *Zwisler v. Storts*, 30 Mo. App. 164; *Updike v. Wheeler*, 37 Mo. App. 680; *Yeedell v. Stemmons, supra.*

*Wm. Thompson* for respondent.

(1) "Personal property shall in all cases be subject to execution on a judgment against the purchaser for the purchase price thereof, and shall in no case be exempt from such judgment and execution, except in the hands of an innocent purchaser, for value, without notice of the existence of such prior claim for the purchase money." R. S. 1889, sec. 4914. Creditors are not named in the exception. We can not enlarge the exception. Creditors are not innocent purchasers. *Milling Co. v. Turner, Frazier & Co.*, 23 Mo. App. 109, and cases cited. (2) When the evidence is sufficient to authorize the trial court to submit the issue to the jury, the supreme court will not interfere. *Schulenberg*

*v. Booth,* 65 Mo. 475; *Peacock, Adm'r, v. Nelson,* 50 Mo. 256, 556; *Sav. Ass'n v. Saylor,* 63 Mo. 24; *Type Foundry v. McCann,* 68 Mo. 195; *McHugh v. Meyer,* 61 Mo. 334; *Mill Co. v. Bruihill,* 51 Mo. 144, 435; *Brown v. R'y,* 50 Mo. 461, 414; *Boynton v. Miller,* 63 Mo. 207; *Schuster v. R'y,* 60 Mo. 290, 569.

SMITH, P. J.—This is an action to recover a skid, boiler and engine. There was a trial resulting in judgment for plaintiff and the defendant Randall appealed. It does not appear how or in what manner defendant Baum retired from the case nor why the cause did not proceed as to him. The judgment was against Randall alone.

The case shortly stated is this: The plaintiff sued the defendant before a justice of the peace on a note for some $25, the consideration of which STATEMENT. note was the purchase price of the property in dispute. There was judgment on the note and an execution issued thereon, which latter was several times renewed. On January 22, 1895, and during the life of the execution, the constable, who had previously levied said execution on said property, sold the same at public vendue, according to the requirement of the statute and the command of said execution, and at which sale the plaintiff became the purchaser, to whom the possession was delivered by the constable. There was evidence adduced which had a tendency to prove that the plaintiff, immediately after his purchase, put the defendant in possession of the property with the understanding that if the latter paid the former his debt and cost by a specified date, that the latter could keep the property. Defendant paid the cost. At the expiration of the specified time for making the payment of the debt, the plaintiff called on the defendant to pay the same or to surrender the pos-

session of the property, but the latter did neither. It appears that in the meantime the defendant had removed the property from where it was stored at the time the plaintiff placed him in possession of it. The defendant claimed that he was in possession of the property, not for plaintiff, but for defendant.

It appears that some five days before the plaintiff recovered his judgment on the note against defendant that the latter had executed a mortgage to his mining partner Jones, covering the property in dispute, to secure a note for $45. The note was given for an antecedent debt, and was of even date with the mortgage, and was due one day after date. There was some slight evidence adduced which tended to prove that there had been a breach of the conditions of the mortgage by the defendant and a taking possession of the mortgaged property by Jones prior to the levy of the execution thereon by the constable. The defendant testified that he was ordered by Jones to take possession of the property for him (Jones), and that he did so. He further testified that he took· such possession as agent for Jones before the plaintiff's purchase. The evidence further disclosed that the defendant and Jones sustained rather intimate business relations, and that when the former was sued on the note by the plaintiff, that he informed the latter not only of that fact, but that unless he took a mortgage on the property the plaintiff would beat them out of it.

It further appeared that defendant was insolvent when the mortgage was given and that Jones knew the fact. This, with other evidence which need not be here more particularly set forth, was, as we think, sufficient to authorize the submission of the case to the jury upon the issue of fraud. The evidence was sufficient to make out a *prima facie* case for plaintiff. The defendant sought to rebut the case thus

made out by plaintiff by showing an outstanding title in Jones acquired by him under the mortgage. The plaintiff, by his evidence, sought to impeach the mortgage on the grounds of fraud.

The court, by an instruction given on its own motion, as well as one requested by defendant, in effect, told the jury that although they believed from the evidence that the purpose of defendant in executing the mortgage to Jones was to cheat and defraud, or hinder and delay plaintiff in the collection of his debt, yet before there could be a finding for plaintiff they must further believe from the preponderance of the evidence that Jones participated in the defendant's fraudulent intent and purpose and accepted the mortgage for the purpose of assisting defendant in such fraudulent intent and purpose, and not alone for the purpose of securing the debt due by defendant to him. The trial court was exceedingly liberal in thus submitting the issue of fraud to the jury, and left the defendant no reason to complain on that account. The jury found for the plaintiff on this issue. If the mortgage was void the defendant could assert no title thereunder. Indeed, it may be well questioned whether the defendant could set up the defense that Jones, by reason of the mortgage, held a better title than the plaintiff. Cobbey on Replevin, sec. 789; *Gottschalk v. Klinger*, 33 Mo. App. 410.

FRAUDULENT conveyances: participation of mortgagee: execution sale.

The return of the constable on the writ of execution does not in terms state that he made a levy on the property, but it does state that he sold and delivered the possession thereof to the defendant under the writ, from which it may be fairly inferred that he had previously actually seized the property thereunder. This was a levy under our statute. When the mortgage is brushed away the

EXECUTIONS: levy: sale.

plaintiff is clearly entitled to the immediate and exclusive possession of the property.

The judgment is manifestly for the right party and must be affirmed.    All concur.