## MCHENRY BROOKS

*v.*

## JAMES H. RECORD.

1. ESTOPPEL—*sale of chattels in presence of mortgagee thereof.* Where a mortgagee of personal property, not in possession, is present at the sale of such property by the mortgagor to another, and such mortgagee, on being asked to fix the price between the mortgagor and purchaser, does so, but does not notify the purchaser of his mortgage, and the property was afterward delivered to the purchaser: *Held,* the mortgagee cannot recover the property as against such purchaser without notice.

2. ASSIGNEE—*of notes secured by chattel mortgage—of his rights.* When the holder of a note, secured by chattel mortgage, assigns the same after maturity, in which security he has become divested of his legal rights, by reason of his own *laches,* the assignee, after maturity, is also divested of the same rights, for the assignee can take no higher or better title as against a purchaser without notice, than the assignor himself had.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. JAMES STEELE, Judge, presiding.

This was an action of replevin, brought by Brooks against Record, to recover a mare, claimed by the plaintiff. A trial

resulting adversely to the plaintiff, he sued out this writ of error.

Messrs. PALMER & HAY, for the plaintiff in error.

Mr. JOHN SCHOLFIELD, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

A single question is presented by this record: in whom was the property of the mare in controversy?

It is in evidence appellant purchased the mare from the true owner, and paid him therefor, on the first day of December, 1866, the mare then being at one Hardisty's. The price to be paid for the mare, and for a horse purchased at the same time by appellant, of the same owner, Asa Lanick, was to be referred to one Jesse Cooper, who, without advising appellant that he had a mortgage on the same mare and horse, fixed the price at one hundred and fifty dollars, which appellant paid by surrendering Lanick's note for fifty dollars, which appellant held against him, and executing his own note to Lanick, for one hundred dollars, payable in six months. All this was with the knowledge of Cooper, who said nothing about his mortgage, the note to secure which, was due on that day—first day of December, 1866. Afterwards, on the fifth day of December, 1866, Cooper assigned this note and mortgage to one Huffman. The sale was on Saturday. On the following Monday, in the evening, Mrs. Lanick took the horse to Hardisty's, as directed by her husband, which Hardisty declined receiving, on the ground that he had no place to keep him, and she took him home again. On Thursday following, she took the horse again to Hardisty, and told Hardisty to let appellant have them (the mare and horse) when he sent for them.

This was a complete delivery of the animals to appellant, according to the terms of the sale.

On the fourth of December, one Husely was sent by appellant to Hardisty's for the horses, who declined giving them up without a written order from appellant. Husely went after the horses the next day, and Hardisty had gone from home, taking the horses with him, and after waiting some time for Hardisty's return, he went after him, but did not find him. Returning to Hardisty's, saw two men there. Mrs. Lanick met Husely, and told him that these men were after the horses, and directed him to take the mare to appellant as soon as he could, and while endeavoring to do so, he was pursued and overtaken by appellee, who ordered him to give up the mare, which he did. Appellee took the mare as the servant of Huffman, and delivered her to him. He took the mare on the fifth of December.

We are of opinion, under the facts here stated, that the title of appellant was good as against Cooper, the mortgagee, as he stood by and allowed the sale to be made by Lanick to appellant. 1 Phil. on Ev. (Cowen and Hill's Notes), 453–455, and notes. He knew all about and fixed, himself, the price of the property, which appellant paid or secured. Appellant's title was also good as against Huffman, the assignee of the mortgage, as Lanick had made the sale with Cooper's knowledge before the assignment, and there was a good delivery.

The title to the mare should have been found to be in appellant. For refusing so to find, the judgment must be reversed and the cause remanded.

*Judgment reversed.*