GEORGE H. ADAMS, administrator, *vs.* ASAHEL H. WILDES.

J. S. mortgaged a chattel, in his possession but belonging to another, to the plaintiff, and afterwards sold it to the defendant; and the owner never claimed it. *Held,* that on foreclosure of the mortgage the plaintiff could replevy it from the defendant.

If a mortgagor of goods mixes them, purposely or carelessly, with his own, and sells the whole, the mortgagee can replevy the whole from the purchaser, in the absence of evidence to distinguish the mortgaged goods from those not mortgaged.

To replevin by a mortgagee of goods against the mortgagor it is no defense that the goods are subject to a prior mortgage, if the prior mortgage provides that the mortgagor may remain in possession until breach of condition, and there is no evidence that the prior mortgagee has made any claim upon the mortgagor.

REPLEVIN of ironworker's machinery, tools and materials brought by the administrator of the estate of George Adams. The answer alleged property in the defendant. Writ dated November 15, 1867.

Trial in the superior court, without a jury, before *Rockwell*, J., who found as facts, that Calvin Gay on November 13, 1866, by two mortgages, duly recorded, mortgaged the greater part of the property replevied and also other like property to George Adams; that Gay, without the consent of George Adams, used up or sold part of the mortgaged property, generally replenishing the stock when thus diminished; that in the spring of 1867 he sold all the replevied property to the defendant, who removed it to a loft in his possession; and that the mortgage was foreclosed September 1, 1867.

"There was no evidence to show what specific articles had been used up or sold by Gay, previously to the sale to the defendant; or which, if any, of the articles replevied had been purchased by Gay by way of replenishing the stock; but the evidence left those facts in this way, namely, that the larger part of the articles found in the defendant's loft were identical articles included in the mortgage, but some had been sold by Gay, and perhaps some of the minor articles found in the loft had been purchased by way of replenishing the stock, but there was no evidence of any specific articles having been thus purchased."

It appeared that a rotary pump which was included in the mortgages, and was replevied, was the property of a third person at the date of the mortgages, but has never been claimed by him.

Before the mortgages to George Adams, Gay had mortgaged the same property to John C. Dodge by a mortgage which provided that the mortgagor might remain in possession until breach of the condition of the mortgage; and there was no evidence "that anything had been claimed or done under that mortgage."

On these facts the judge found for the plaintiff, and reported the case to this court for revision.

*S. B. Ives, Jr., & R. Lund,* for the defendant, cited *Presgrave* v. *Saunders*, 1 Salk. 5; *Molineux* v. *Coburn*, 6 Gray, 124; *Johnson* v. *Neale*, 6 Allen, 227; *Ropes* v. *Lane*, 9 Allen, 502; *Rock-*

*well* v. *Saunders*, 19 Barb. 473; *Seibert* v. *McHenry*, 6 Watts, 301; *Bemus* v. *Beekman*, 3 Wend. 667; *Chase* v. *Allen*, 5 Allen, 599; *Collins* v. *Evans*, 15 Pick. 63; *Rugg* v. *Barnes*, 2 Cush. 591; *Hallett* v. *Fowler*, 10 Allen, 36; *Bartlett* v. *Brickett*, 9ſ Mass. 521.

*T. Willey & D. F. Fitz*, for the plaintiff.

COLT, J.   The case was submitted to the court without a jury, and the judge submits the question whether the facts reported do in law justify his finding that the plaintiff was entitled to recover.

1. It is objected that the rotary pump was proved to have been, at the time it was mortgaged, the property of a third party, and that the defendant was therefore entitled to a judgment for its return.   But under the circumstances here stated, this proof was not alone sufficient to support this claim.   The pump was in the possession of Gay at the time it was mortgaged to the plaintiff's intestate, he had the apparent ownership, and there was an implied warranty of title.   Gay himself would not be allowed to defeat the title by setting up ownership in another; and the defendant, who takes from him subject to these mortgages, and takes by no other title, and in his answer sets up title in no one else, must stand in his position in this respect, and cannot now set up the title of a third party under which he does not pretend to claim, and under which the property never has been claimed of him or any one else.   As against the defendant, under such a title there was both property and the right to immediate possession in the plaintiff.

2. The case, as we understand the report, justified a finding by the court, either that the property replevied embraced only that lescribed in the mortgages to the plaintiff's intestate, or that the .lisputed portion, consisting of that which was purchased by Gay ᴠo replenish his stock, was so purposely or carelessly mingled by Lim with the other mortgaged goods as not to be distinguishable. It was the duty of the defendant, as he only succeeded to Gay's title subject to the mortgages, to identify the specific articles which were not embraced in them.   This the case finds he failed to do.   *Willard* v. *Rice*, 11 Met. 493.

3. The prior mortgage to Dodge, so long as no claim was made under it upon the defendant, and no actual possession of the property taken, cannot be used to defeat the plaintiff's right of property and possession. As against the defendant his title was good, and it was good against everybody except Dodge and his assigns. By the express terms of that mortgage, Gay was entitled to the possession of the property until breach of condition, and he was rightfully in possession, with the right to convey his equity of redemption in the goods, when the conveyances were made to the plaintiff's intestate. *Judgment for the plaintiff.*