## THOMAS REYNOLDS

v.

## AMOS PATTERSON.

RIGHT OF PROPERTY.—The defendant in execution, B., at one time owned the horse in controversy, and, being in debt, borrowed money of his wife, securing her for the loan by sale of his livery stock, including the horse in dispute. The horse was afterwards sold to her under foreclosure of a prior chattel mortgage to A. She then borrowed money of plaintiff in error, securing him by chattel mortgage upon this horse and other property, which was in turn foreclosed and the property sold, plaintiff in error becoming the purchaser, who took possession, and a few hours after hired the horse in question back to Mrs. B., in whose possession it was levied upon under execution against B. *Held*, that plaintiff in error acquired a good title under the foreclosure and sale, and that the fact of the property going back to the possession of the mortgagor after the sale, was not a fraud *per se*, but only a circumstance from which fraud might be inferred, and the force of this inference was destroyed under the circumstances of this case.

ERROR to the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed July 16, 1879.

Messrs. HOLLAND and AYRES, for plaintiff in error; that to impeach a conveyance from husband to wife it must be shown that he had not sufficient property left at time of the conveyance to pay his debts, cited Harmon v. Harmon, 63 Ill. 512 ; Patrick v. Patrick, 77 Ill. 555.

A sale made by the wife without authority, if afterwards ratified by the husband, is good: Pike v. Baker, 53 Ill. 163.

Executed contracts are valid: Sweeney v. Damron, 47 Ill. 450.

Creditors should take steps to enforce their liens before rights of third parties intervene: Wilder v. Crane, 53 Ill. 490; Hessing v. McClosky, 37 Ill. 341.

It must be shown that vendor and vendee designed to delay creditors: Brown v. Riley, 22 Ill. 46.

The rule as to transfer of property to delay creditors is not to be applied against innocent purchasers in good faith: Young v. Lathrop, 12 Am. Rep. 603; Freeman on Executions, § 140.

Plaintiff in error had possession before any lien of creditors had attached: Frank v. Miner, 50 Ill. 444; 68 Ill. 284; 24 Ill. 633; 25 Ill. 288.

He had a right to loan or hire the property to any person: Brown v. Riley, 22 Ill. 46; 24 Ill. 633; 25 Ill. 288.

The husband had a right to transact business for his wife: Patten v. Patten, 75 Ill. 446.

A creditor having knowledge of facts sufficient to put him on inquiry is bound to ascertain the extent of the rights of others: Herman on Chattel Mortgages, 114.

Messrs. HARRY, KAY & EUANS, for defendant in error; as to fraud, cited Cunningham v. Hamilton, 25 Ill. 228; Thompson v. Yeck, 21 Ill. 73; Funk v. Staats, 24 Ill. 633.

PILLSBURY, P. J. The defendant in error, Patterson, recovered a judgment against one Orren King, on the 24th day of November, 1877, before a justice of the peace for $62.25, and on the 30th day of same month an execution was issued thereon and levied upon the mare in controversy. The plaintiff in error instituted proceedings to try the right of property before the justice, and after a finding in his favor before the justice, the cause was taken by appeal to the Circuit Court, where the cause was tried and the property adjudged to be liable to the execution, and the claimant brings the case to this Court.

It appears from the evidence that the defendant in execution at one time owned the mare in controversy, and that in February, 1877, his wife Margaret King, who was the owner of $800 in United States bonds, let him have the bonds with which to pay his debts, and he in consideration thereof, sold to her his livery stock of buggies, harness, horses, etc, in which stock was included the mare in question.

That Mrs. King took possession of the property, and run the livery stable upon her own account, and that the stable itself was in July 1877, sold under a mortgage before that time given upon it by Orren King, and that at the sale his wife purchased it, took possession of it and had her són assist her in managing the business for her.

On the 26th day of May, 1877, the plaintiff in error, Reynolds, loaned $246.76, to Margaret King and took a chattel mortgage as security upon the mare in dispute, and other property, conditioned to pay the said sum in five months from date of note and mortgage. The borrowing of the money and the mortgaging of the property to Reynolds by Mrs. King was well known to her husband, Orren King, and with his consent·

When the mortgage became due on the 26th day of October 1877, the mortgagee, Reynolds, foreclosed his mortgage and had the property sold at public sale, and he bid in the mare and took possesion of her and retained such possession for a few hours, when he hired the mare to Mrs. King for fifty cents a week, until spring plowing should commence, and under this arrangement Mrs. King took the mare back to her livery stable where she was levied upon by the execution issued November 30, 1877, as above stated.

It is insisted by the defendant in error that as no bill of sale was executed by Orren King to his wife, and acknowledged and recorded, as chattel mortgages are required by law to be, no title passed to Mrs. King, as against the defendant in error, and reference is made to the 9th section of Ch. 68, of the Revised Statutes of 1874.

We have no doubt, had the mare still been in the possession of Mrs. King under the sale to her from her husband, the rights of no third person intervening before defendants', in error, execution was placed in the hands of the constable, then the position of defendant in error would have been sound, and the mare would have been liable to execution.

It will however be noticed that Margaret King mortgaged this property to plaintiff in error for a *bona fide* indebtedness, with the knowledge of her husband, claiming the same as her own, and in our opinion thereby the mortgagee acquired a valid lien thereon against both Mr. and Mrs. King, without reference to the validity of the sale from King to his wife, and this upon the ground of estoppel as to King. Brooks v. Record, 47 Ill. 30; Anderson v. Armstead, 69 Ill. 452.

If this position be correct, then when the plaintiff in error foreclosed his mortgage and purchased the property, he

acquired a valid title, and no further interest therein was remaining in either Margaret or Orren King, unless perchance they might in equity avoid the sale by paying the debt, upon the ground that plaintiff in error purchased at his own sale, but this question does not arise in this case, as the sale is not void but only voidable, and cannot avail the defendant in error in this proceeding.

It is insisted, however, that upon the sale being made there was no possession taken of the mare by plaintiff in error, but she was returned to the stable from which she was taken, and third parties were authorized to treat her as still belonging to Orren King.

As we have seen, plaintiff in error had a good title as against King and wife, and upon the sale he took and retained possession of her for a few hours, before hiring her to Mrs. King, and all this transpired before defendant in error obtained his judgment against King. There is no claim made in this cause that the plaintiff in error was guilty of fraud in fact, but that returning the mare to Mrs. King is fraud in law, and cannot be explained.

We do not think that the mere fact that the plaintiff in error after the sale hired the mare to Mrs. King, is *per se* a fraud, but may be a circumstance more or less cogent, according to all the facts surrounding the case, from which the jury might find there was fraud in fact. Brown v. Riley, 22 Ill. 46; Funk v. Staats, 24 Ill. 644.

It will be observed in this case that the property was not hired to the defendant in execution, but to a third party, which very much weakens this kind of presumptive evidence; and when it is further considered that the plaintiff in error knew nothing of Orren King's prior ownership of them are, the circumstance of his returning the mare to Mrs. King, the mortgagor, loses all its force.

We are of the opinion the possession of the mare by plaintiff in error for a short time after the sale was full and complete, which, under all the circumstances in proof, was sufficient under all the authorities, and that the court erred in holding otherwise.

The judgment of the court below, must be reversed, and cause remanded.

Judgment reversed.