Carroll,
June, 1894.

### PROVENCHEE v. PIPER.

A promise by the purchaser of mortgaged personal property to pay the mortgagee the amount due, if the latter will surrender the note and mortgage to the mortgagor, is not within the statute of frauds.

It is no defence to a suit on such promise that the purchase from the mortgagor was made on Sunday, nor that there was a breach of the mortgagor's warranty.

ASSUMPSIT. Trial by the court. On a Sunday in July, 1893, one Forest sold and delivered a horse to the defendant for $115, of which $15 was paid, and the balance was to be paid to the plaintiff, who had a mortgage on the horse for $100. Forest warranted the horse sound. It was unsound. On the same day, before making the trade, the defendant told the plaintiff he was about to make it, and was going after the horse, to which

the plaintiff replied that he had no objection. In answer to a question by the defendant, the plaintiff said the horse was not lame while owned by him. The defendant was informed of the amount due upon the mortgage, and asked the plaintiff if he would wait for it, to which the plaintiff replied that he would rather not do business on Sunday, but would see the defendant the next day. On the next day the defendant orally agreed with the plaintiff to pay him the amount due on his mortgage, in consideration of his promise to surrender the note and mortgage to Forest. The plaintiff, relying on the defendant's promise, made the surrender. The action was brought upon the defendant's promise. The defendant moved for a nonsuit, and at the close of the trial for judgment, which motions were denied, and he excepted.

*Fred B. Osgood, George W. M. Pitman,* and *John B. Nash,* for the plaintiff.

*Josiah H. Hobbs,* for the defendant.

CHASE, J. At the beginning of the negotiations on Sunday, the plaintiff, by virtue of his mortgage, had the legal title to the horse, and Forest had the right to redeem it from the mortgage. P. S., c. 140, s. 19; *Leach* v. *Kimball*, 34 N. H. 568; *Sargent* v. *Usher*, 55 N. H. 287, 289. The Sunday contract between Forest and the defendant was designed by them to transfer to the defendant Forest's right only. Neither party understood that the title of the horse passed, or that the plaintiff's right as mortgagee was affected. The plaintiff declined to negotiate on that day, and did nothing that can be regarded as a waiver of the mortgage. He had the same title to the horse Monday morning that he had the previous day. *White* v. *Phelps*, 12 N. H. 382. The defendant purchased this title. In consideration of the defendant's promise to pay the amount due upon the mortgage note, the plaintiff promised to release his interest in the horse, and fulfilled the promise. The plaintiff's promise was a sufficient consideration for the defendant's promise. Chit. Con. 46. Although the contract grew out of a transaction that took place on Sunday, it was wholly made on Monday, and is not affected by the statute (P. S., c. 271, s. 3) prohibiting the doing of business on the first day of the week. *Stackpole* v. *Symonds*, 23 N. H. 229.

The contract was not within the statute of frauds (P. S., c. 215, s. 2). It was not a contract for the payment of Forest's debt, but for the purchase of the plaintiff's interest in the horse. The fact that Forest's debt would incidentally be discharged by the performance of the contract did not bring it within the opera-

tion of the statute. *Allen* v. *Thompson*, 10 N. H. 32; *Robinson* v. *Gilman*, 43 N. H. 485; *Britton* v. *Angier*, 48 N. H. 420, 425; *Lang* v. *Henry*, 54 N. H. 57, 61.

The plaintiff's and Forest's contracts with the defendant being independent of each other, the former is not affected by a breach of the latter. So far as appears, the plaintiff's representation concerning the horse was true.

*Exceptions overruled.*

WALLACE, J., did not sit: the others concurred.