|110 417|
|111 509|
|111 676,|
|110 417|
|h130 475|

S. Gibson, Appellant, v. John M. McIntire, John P. Hornish and Z. R. J. Ayres & Sons.

**Assignment of Past Due Mortgage Notes.** Notice of equities of third persons: *Conversion by.* Where assignees of an overdue note secured by a chattel mortgage sold the mortgaged property under the terms of the mortgage, without actual notice of an agreement between the assignor and subsequent purchasers claiming title under the mortgages, by which such assignor agreed to postpone intended foreclosure proceedings, such sale was valid, and such assignees are not liable to the purchasers for a conversion.

**Assuming mortgage:** *Consideration.* Where a purchaser of goods subject to a chattel mortgage agreed to assume and pay the mortgage if the holder would postpone foreclosure, the purchaser's promise constituted a sufficient consideration for the mortgagee's promise to forebear.

**Mingling of goods:** *Demand.* Where mortgagors of a jewelry stock and fixtures and subsequent purchasers thereof added new goods to the stock, not covered by the mortgage, which was so commingled with the original stock that the mortgagee had no means of identifying the new goods and therefore sold the entire stock under the mortgage, he was not liable for conversion of the stock not covered, in the absence of a demand for the goods before suit brought.

**Chattel Mortgages:** Foreclosure by notice and sale: Under McClain's Code, section 4543, authorizing foreclosure of a chattel mortgage by notice and sale, unless a stipulation to the contrary has been agreed on by the parties, a foreclosure by notice and sale in accordance with the terms of the mortgage is valid.

*Appeal from Wapello District Court.*—Hon. T. M. Fee, Judge.

Monday, January 29, 1900.

Action for conversion of personal property. There was a trial to the court without a jury, and a judgment dismissing the plaintiff's petition. Plaintiff appeals.—*Affirmed.*

*Earle & Prouty* for appellant.

*Blake & Hall* and *John P. Hornish* for appellees.

DEEMER, J.—The trial court made a finding of facts, from which we extract the following that are deemed material to the settlement of the issues involved: In January of the year 1893 plaintiff became the owner of a stock of jewelry and fixtures situated in a certain building in the city of Ottumwa. At the time he acquired his title there was a chattel mortgage of about four hundred dollars upon the stock, which had been executed by one Oliver, a prior owner, in April of the year 1891, to Spaulding & Co., and then owned by the Iowa National Bank. The bank took possession under its chattel mortgage, and advertised the property for sale on the twenty-fifth of January, 1893. After the bank had taken possession of the property, plaintiff said to the bank that, if it would postpone the sale ten days, she would pay the amount due on the mortgage, and the bank, in consideration thereof, agreed to postpone the sale. Instead of complying with its promise, it sold and assigned its mortgage before the day originally set for the sale to the defendants Ayres & Sons, and Ayres & Sons proceeded to sell the property under the mortgage on the day first fixed for the sale. None of the defendants had any notice of the alleged agreement between plaintiff and the bank. The mortgage, as executed, covered all the stock and fixtures then belonging to Oliver, and also contained this further description: "The mortgage is to cover all fixtures of every kind; all goods, wares, and merchandise; all personal property of every kind to be put in said room of Mrs. Ross." In August of the year 1892 Oliver sold the stock of goods and fixtures to one Davidson. Davidson sold the stock to one Miller in January, 1893, and Miller sold to plaintiff. During the time Davidson owned the stock he added about three thousand dollars worth of goods thereto, which were of the same general character and description as those cov-

ered by the mortgage. When Oliver sold to Davidson, the stock, exclusive of the fixtures and furniture, was worth about two thousand dollars. The bank, as we have seen took possession of all the stock, and advertised the same for sale. After it had taken possession, plaintiff claimed that the mortgage did not cover all the stock, but made no demand for that part not covered by the mortgage. When Oliver sold to Davidson, there remained on hand of the stock in his possession when he made the mortgage, goods to the approximate value of about two hundred dollars, but the court found the evidence relating thereto uncertain and unsatisfactory. At the time of the sale the fixtures were worth about three hundred and fifty dollars and the stock about two thousand dollars. The action is against Ayres & Co., the owners of the mortgage, John W. McIntire, their agent for the sale of the goods, and John P. Hornish, who, so far as the record shows, had no connection with the sale. As conclusions of law the trial court found that the agreement for time was without consideration, and that, so far as defendants were concerned, they were not bound thereby, because they had no notice thereof, and that the sale was not illegal; that the sale was fair and regular, and that the goods brought all they would bring; that plaintiff should have demanded the goods not covered by the mortgage, and the privilege to separate them, and that, as plaintiff made no such demand, and did not undertake to separate the goods, defendants are not liable; that the sale was made in accordance with the terms of the mortgage, and was not illegal, because the procedure prescribed by the statute was not followed; and that defendants were entitled to a judgment for costs.

We have nothing but the pleadings, the findings of fact, and the conclusions of law, and, as plaintiff does not question these findings they must be accepted as a verity. The questions presented by the appeal relate to the validity of the sale. *First,* it is contended that the sale was irregular, because not made under the statute. Section 4543

of McClain's Code, which was in force at the time the sale was made, provided that "a chattel mortgage may be foreclosed by notice and sale as hereinafter provided, unless a stipulation to the contrary has been agreed upon by the parties, or may be foreclosed by action in the proper court." The notice and sale were in exact accord with the stipulations contained in the mortgage, and were, therefore, valid, unless it be for the agreement between plaintiff and the bank postponing the day of sale. *Gear v. Schrei,* 57 Iowa, 666; *Johnston v. Robuck,* 104 Iowa, 523. The court found that the agreement postponing the time of sale was without consideration, and that the defendants had no notice thereof.

3      We are of opinion that his conclusion that the agreement was without consideration is erroneous. Plaintiff did not, when she purchased the stock, assume and agree to pay the mortgage. The property was bound for the payment of the debt, but plaintiff was not. The consideration for the promise of the bank to postpone the time of sale was plaintiff's agreement to pay the amount due on the mortgage. That it is a good and valuable consideration, see *Provonchee v. Piper,* 68 N. H. 31 (36 Atl. Rep. 552); *Burke v. Dillin,* 92 Iowa, 557; *Lomax v. Smyth,* 50 Iowa, 223. That defendants did not have notice of this agreement must be accepted as true, because found by the court in its finding of fact. Did they have constructive notice, or are

4      they bound by the agreement, in the absence of actual notice; and, if so, what remedy has plaintiff against them for breach thereof? Ayres & Sons purchased the note and mortgage after maturity, and the same are subject to all defenses or counterclaims that plaintiff held against the bank, existing before notice of the transfer. Code 1873, section 1873; *Downing v. Gibson,* 53 Iowa, 517. But were the purchasers of the note and mortgage, who had no actual notice of the agreement to postpone, liable for conversion of the goods because they proceeded with the sale in accordance with the terms of the instrument? We think not. It may

be that plaintiff has a cause of action against the bank for failure to respect the agreement. But the breach of that agreement did not affect the validity of the sale made by the assignees of the note and mortgage, which was conducted in strict conformity with the terms of the mortgage. If plaintiff has any remedy, it is for damages. As between the bank and its assignee and the original mortgagor, the sale was valid, and the title to the goods passed to the purchaser. It is a general rule that the assignee of a mortgage securing paper that is overdue takes subject to all equities between the original parties, but this rule does not apply to latent equities of third parties. *Brooks v. Record,* 47 Ill. 30; *Barbour v. White,* 37 Ill. 164; *Sanford v. Pettit,* 83 Mich. 499; *McNally v. Bailey,* 65 N. H. 208 (18 Atl. Rep., 745). In other words, Ayres & Sons, when they purchased the mortgage, were not bound to inquire as to the rights or equities of third parties of which they had no actual notice. While the court was in error in finding the agreement to postpone was without consideration, its finding that defendant had no notice thereof, and was not bound thereby, is correct. The sale was open, fair, and honest, and, as defendants were guilty of no fraud, they are not to be charged with the value of the goods, or any part thereof, unless it be for some of the other claims to which we will now call attention.

II. *Second,* it is contended that the court erred in holding that the mortgage covered after-acquired property. From our point of view, it is not necessary to determine that question. The court found that part of the goods owned by Oliver at the time he made the mortgage were in stock at the time of the sale under that instrument. Plaintiff alleged in her petition that the mortgage covered a part of the fixtures used in the business, but that the stock was not covered thereby, and defendants pleaded that it covered all the property in the store. The findings were as we have heretofore indicated. In order to recover on this theory of the case, plaintiff was bound to show that

the stock, or some part thereof, was not covered by the mortgage. It is conceded that some of the goods were covered by the mortgage, and that the goods not so covered were added by the mortgagor or his vendees or assignees. The defendants have no means of showing what goods were added, and, as they were mixed and commingled with goods that were covered by the mortgage, this state of facts calls for the application of the rule as to confusion of goods. In Jones, Chattel Mortgage, section 482, it is said: "When new goods have been added to a mortgaged stock, it is the duty of the mortgagor to identify the latter upon the mortgagee's taking possession. Although there be no such confusion as to absolutely destroy their separate identity, yet, if they cannot be separated without the mortgagor's aid, the same mischief would be produced as that which follows a confusion of goods. If the mortgagor refuses to point out the mortgaged goods, so as to enable the mortgagee to select them from others with which the mortgagor has mingled them, the latter cannot complain if the mortgagee seize the whole." This rule is sustained by numerous authorities, among which are the following: *Willard v. Rice,* 11 Metc. (Mass.) 493; *Adams v. Wildes,* 107 Mass. 123; *Fowler v. Hoffman,* 31 Mich. 215; *Diversey v. Johnson,* 93 Ill. 547. As defendants had no means of identifying the goods not covered by the mortgage, they were justified in selling the whole, and were not liable for conversion, in the absence of a demand for the goods before action was commenced. *Cutter v. Fanning,* 2 Iowa, 580. When the original taking of the goods is not wrongful, demand is necessary before the commencement of an action, in order to make that possession wrongful. This is elementary law, and needs no fortification by the citation of authorities. As no such demand was made, plaintiff is not entitled to recover the value of the goods not covered by the mortgage. The finding of the court as to the value of the goods owned by Oliver that remained on hand when Oliver sold to Davidson was a mere approximation, and was

.expressly so stated to be in the supplemental findings. There was no error in dismissing plaintiff's petition.—AFFIRMED.

GRANGER, C. J., not sitting.