R. AYLMER v. NORTHWESTERN MUTUAL INVESTMENT COMPANY.[1]

October 19, 1917.

No. 20,295—(261).

**Chattel mortgage — mingling unmortgaged and mortgaged goods — instruction.**

1. In an action by a chattel mortgagor against his mortgagee for the conversion of property acquired by him after the mortgage, and placed with that mortgaged, and taken possession of by the mortgagee with that mortgaged, the evidence did not show that the mortgaged and unmortgaged property were so mingled and confused that it was error to refuse a peremptory instruction for the defendant under the doctrine that a mortgagor, who mingles his other property with that mortgaged so that a confusion of goods results, cannot claim that not mortgaged unless he separates it from the other and that the mortgagee is not a wrongdoer in taking all of it.

**Same — trover and conversion — peremptory instruction.**

2. Nor did it require a peremptory instruction for the defendant because no demand was made nor was the evidence insufficient to sustain a finding of conversion.

**Same — action for loss of accounts.**

3. A cause of action for damages for the loss of accounts alleged to have been caused by the defendant taking possession of the plaintiff's books of account is *held* unsustained.

**Same — action for loss on contracts.**

4. A cause of action for loss upon certain unfinished contracts alleged to have been caused by the defendant taking possession of the plaintiff's property is *held* unsustained.

Action in the district court for Clay county to recover $15,315. The case was tried before Roeser, J., who at the close of the testimony denied defendant's motion for directed verdicts on the fourth, sixth and seventh causes of action, and a jury which returned a verdict in favor of plaintiff

[1]Reported in 164 N. W. 659.

for $2,630. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed in part and reversed in part.

*M. Victor Oleson, Christian G. Dosland* and *Lawrence & Murphy,* for appellant.

*N. I. Johnson* and *F. H. Peterson,* for respondent.

DIBELL, C.

This was an action to recover upon eight causes of action. All except the first, second, fourth, sixth and seventh were disposed of at the trial. Upon these separate verdicts were returned by the jury for the plaintiff. The defendant appeals from the order denying his alternative motion for judgment or a new trial. The briefs do not discuss the first and second causes of action and under the rule they will not be considered. The fourth, sixth and seventh are for consideration.

1. The fourth cause of action is for the conversion of personal property located in a garage at Moorhead. On March 20, 1914, the plaintiff gave the defendant a mortgage upon certain property then located in the garage. In November following the defendant took possession under the mortgage and the plaintiff's claim is that it took possession of property after acquired and not covered by the mortgage. This after-acquired property is that for the conversion of which suit is brought. There was a verdict for the plaintiff for $2,190.

After the execution of the chattel mortgage the plaintiff put other property in the garage and it was used in connection therewith. Of some of this after-acquired property the defendant took possession when it commenced its foreclosure and it purchased it at the sale. The situation indicates that the parties anticipated that the plaintiff would put additional property in the garage. He did not act wrongfully or negligently in mingling it with the other. The mortgagee invokes the doctrine that when a mortgagor mingles his other property with that mortgaged so that a confusion of goods results he cannot claim the property not covered by the mortgage unless he separates it from the other and that the mortgagee is not a wrongdoer in taking it all. Gibson v. McIntire, 110 Iowa, 417, 81 N. W. 699; Fuller v. Paige, 26 Ill. 358, 79 Am. Dec. 379; Burns v. Campbell, 71 Ala. 271; Adams v. Wildes, 107 Mass. 123; Kreth

v. Rogers, 101 N. C. 263, 7 S. E. 682; Jones, Chattel Mortgages (5th ed.) § 481, et seq.; 8 Cyc. 574; note Ann. Cas. 1913E, 668; 5 R. C. L. 1049, et seq.; 4 Dec. Dig. Confusion of Goods, § 9; 10 Cent. Dig. Id. § 13. We need not inquire the extent and precise limits of this doctrine, nor the effect of the fact that the parties anticipated that property would be added, nor the fact that the plaintiff acted without fraud or negligence. The evidence does not show that there was such a confusion of property that that mortgaged and that after acquired could not be distinguished and that the defendant could not separate that covered by its mortgage; at least it does not show that there could not have been a substantial separation; and it does appear that at least to a very considerable extent that mortgaged and that unmortgaged could be distinguished. With the evidence so it was not error to refuse a peremptory instruction to find for the defendant upon the ground of a confusion of goods by the plaintiff.

2. Nor was it error to refuse a peremptory instruction for the defendant upon the theory that the plaintiff made no sufficient demand or that the evidence was insufficient to sustain a finding of conversion.

The sheriff took possession under the authorization of the defendant. It does not appear that it directed the sheriff what property to take but the evidence sustains a finding that from then on it was concerned in the retention of possession. It was present at the sale and purchased. It does not affirmatively appear that it might not have separated the mortgaged from the unmortgaged property. The evidence is such as to sustain a finding of actual conversion. It was not error to refuse to direct a verdict because of a want of demand or because a conversion was not proved. Nor is the verdict so unsupported by the evidence as to the amount converted that we should interfere.

3. The sixth cause of action is for the recovery of damages for the detention of the plaintiff's books of account which were in the garage at the time of the foreclosure and of which the defendant took possession. The plaintiff's claim is that he was unable to collect his accounts which they evidenced and thereby was damaged. The jury awarded him $125. The evidence is altogether too uncertain to sustain a verdict. The plaintiff was out of possession but a few weeks. It does not appear but that he might have had access to the books if he had chosen and it is entirely

speculative whether he in fact lost by not pressing his accounts during the short time when he did not have the books. The litigation upon this cause of action should be at an end and judgment should go for the defendant notwithstanding the verdict of the jury.

4. The seventh cause of action is for damages sustained by the plaintiff because he was prevented from completing certain work in progress when the defendant took possession of the garage. Possession was taken before the termination of the action in unlawful detainer brought to recover possession. The jury awarded $200. The evidence is that at the time the plaintiff had on hand some unfinished work. It is entirely problematical whether he suffered any definite damages by being deprived of the use of the garage during the few days, or if so the amount of it. Litigation over this cause of action, like that over the sixth, should be ended by an entry of judgment notwithstanding.

All of the assignments of error have been considered. Those not discussed are not of a character requiring specific mention.

The order denying defendant's alternative motion for judgment notwithstanding the verdict or a new trial is reversed as to the sixth and seventh causes of action with directions to enter judgment in favor of the defendant nothwithstanding the verdict and it is affirmed as to the first, second and fourth causes of action.

Affirmed in part and reversed in part.