A. H. Burkeholder, Respondent, v. Joseph H. Rud-row et al., Appellants.

### Kansas City Court of Appeals, October 26, 1885.

1. Replevin — Value of Goods, How Assessed—Damages.—In an action of replevin, where the defendant claims the goods re-plevied and demands a return thereof, and the jury finds in his favor, they should assess the value of the goods at the time of such assessment, and the damages, if any, sustained by defendant in

consequence of the taking and detention. See *Chapman v. Kerr*, 80 Mo. 158; *Mix v. Kepner*, 81 Mo. 93.

2. PLEADING — SPECIAL DAMAGES—WHAT AVERMENTS SUFFICIENT.— While special damage to the property must be specially pleaded, yet "a general claim of damages at the conclusion of the declaration will be sufficient to entitle the party to all such damages as are the natural and immediate consequence of the defendant's acts, of which the declaration complains." Wells on Replevin, sects. 682, 671, 571; *Christal v. Craig*, 80 Mo. 375.

APPEAL from Grundy Circuit Court, HON. CHAS. H. S. GOODMAN, Judge.

*Affirmed, less the remittitur.*

Statement of case by the court.

This is an action of replevin based on the following petition:

"Plaintiff, for cause of action, states that he is entitled to the possession of the following specific personal property, to-wit: One log wagon with two-inch tire and one log wagon with one and three-fourths inch tire; one span of bay horses, eleven and twelve years old last spring, known as the 'Ells team;' one span of two bay horses ten years old, called 'Bob' and 'Jack'; one blind bay horse eight years old last spring, and one bay horse with bald face, sixteen hands high and nine years old in the spring, all of the value of four hundred dollars, which the defendants wrongfully detain from the plaintiff at the county of Grundy, and state of Missouri. Plaintiff, therefore, asks judgment for the recovery of the property and one hundred dollars damages for the detention thereof."

The statutory affidavit was likewise filed by plaintiff. The sheriff took the property from defendant, but returned it upon receipt of a delivery bond. The following instruction was given for plaintiff:

"That the court ought to find and assess the present value of the property in controversy, and find for the plaintiff, as damages, the value of the reasonable use and service of all said property from the ninth day of Sep-

tember, 1882, up to the present time, except as to the two dead horses; as to them, the value of their reasonable use and services from date up to the date of their death, and render a judgment against defendant and his securities that he return said property or pay the value so assessed at plaintiff's election, and also that they pay said damages and costs of suit."

The defendants, upon their part, then prayed the court to instruct the court sitting as a jury, as follows:

"1.   The defendants, having failed in their defence in their case, and it being admitted that the property in controversy is in their possession, the court will assess the value of the property taken, and also assess the damages for the taking and detention of the same.   But in assessing the damages for the taking and detention of said property, the court ought not to allow plaintiff the value of said property and also as damages the value of the services of said property from the time of defendants' taking the same until this time."

"2.   The measure of damages in this case is the value of the property taken and received by defendants under their delivery bond at the time of the taking and receiving by them, with six per cent. interest thereon, up to the present time."

"3.   If the court find for the plaintiff, it will assess the value of the property at the time defendants received the same, and plaintiff will be entitled to recover that amount or take the property, as he may afterwards elect, with legal (six per cent.) interest thereon from the time defendants received said property."

"4.   The court cannot allow the plaintiff as damages in this case the value of the property from the time defendants took same up to present time."

"5.   If the court find for the plaintiff, it cannot allow the plaintiff anything for the value of the horses that died while in the possession of defendants."

Which instructions, numbered one (1), two (2), three (3), and four (4), the court refused to give.

Under the instructions, the court, sitting as a jury,

found a verdict for the plaintiff, and assessed the value of said property at two hundred and seventy-five dollars, and assessed plaintiff's damages for the taking and detention of said property at one hundred and forty dollars ($140), which was forty dollars more than was asked in the petition, the plaintiff filing a *remittitur* in this court for the forty dollars.

E. M. HARBER and GEORGE HALL, for the appellants.

I. The court erred in assessing the value of the property at the time of the trial. The court also erred in assessing damages at the value of the reasonable use and service of the property "except the horses that died," from the ninth of September, 1882, "at the time of defendants' giving their delivery bond," and plaintiff should have been allowed six per cent. interest upon that sum, as damages, until date of trial; except upon the value of horses that died, he should have been allowed six per cent. interest until the date of their death. *Walker v. Bosland*, 21 Mo. 289; *State use of Hayden v. Smith*, 31 Mo. 566; *Browman v. Johnson*, 1 Maine 361; *Gray v. Stephens*, 28 Vermont 2; *Dillemback v. Jerrome*, 7 Cowen (N. Y.) 294; Sedgwick on Damages, 479; *Woodburn v. Mayer*, 39 Mo. 292; *Miller v. Whitson*, 40 Mo. 97; *Spencer v. Vance*, 57 Mo. 427; *Brizsee v. Mapbse*, 21 Wen. 144; Wells on Replevin, p. 295, sects. 537, and cases cited in notes 3 and 4; *Ib.* sect. 546, and cases cited in *40 Miss. 352.* All the leading cases are collected, and the rule we contend for here is adopted.

II. In actions of replevin, where damages are properly pleaded, plaintiff is only entitled to recover such damages as he would be entitled were his action one of trespass or trover. 3 Sutherland on Damages, 541; *Zitske v. Goldenburg*, 58 Wis. 216; Wells on Replevin, section 44; *Sherman v. Clark*, 24 Maine 37; *Spencer v. Vance*, 57 Mo. 427.

III. The judgment was erroneous upon the record, as plaintiff failed to allege or plead any damages. And he was not entitled to recover any damages without

pleading them, and his prayer, therefore, constituted no part of his pleading, and even if it did, the court allowed him forty dollars more than he asked for. This was error. Wells on Replevin, 284, 370; 1 Sutherland on Damages, 440; *Ibid*, vol. 3, p. 761; 2 Greenleaf on Evidence (Redfield's Ed.) sect. 260; *Blackwell v. Acton*, 38 Ind. 425; *Crosse v. Bilson*, 6 Mad. (English courts 1 Rep.) 102; *Carr v. Edwards*, 1 Mo. 137; *Hayton v. Hope*, 3 Mo. 53; *Maupin v. Triplett*, 5 Mo. 422; *Huggeford v. Ford*, 11 Pickering, 223.

IV. The court erred in this case in allowing plaintiff damages for the use and value of said property. The plaintiff is only entitled to special damages when the taking was wilfully wrong, and then he must specially plead such wrong. Wells on Replevin, 364, sect. 671, and cases cited; *Whitfield v. Whitfield*, 40 Miss. 352; *Burrage v. Nelson*, 48 Miss. 239.

V. Instruction numbered one, given to plaintiff, should have been refused; and instructions numbered one, two, three, and four, refused defendant, should have been given.

BURKEHOLDER, SHANKLIN & PERRY, for respondent.

I. Appellant's authorities are not in point. Except the cases of *Woodburn v. Cogdale* (39 Mo. 222), and *Miller v. Whitson* (40 Mo. 97), most of the cases cited are actions of trespass or trover, to which a different rule prevails from that applicable to the case at bar.

II. In *Miller v. Kerr* (80 Mo. 158), Henry, J., reviews former decisions and expressly approves *Pope v. Jenkins* (30 Mo. 528), and disapproves and overrules *Woodburn v. Cogdale* and *Miller v. Whitson*. In *Mix v. Kepner* (81 Mo. 94), the court follows the rule in *Pope v. Jenkins* as re-affirmed in *Miller v. Kerr*.

III. It seems now to be settled, in this state at least, that the value of the property should be assessed at the time of the inquiry, and the damages at the reasonable value of the use and service of the property during its detention; and so the court instructed for plaintiff. The

instruction numbered one, asked by defendants, admits that they have failed in their defence and have the property in their possession. There remained, then, for the court to decide only the value of the property and the amount of damages, if any, under his petition, the plaintiff should recover.

IV. The petition is in the form given in the statute. It charges that certain property is wrongfully detained by defendants. Damages necessarily follow the wrongful act. The amount asked was sufficient at the time of drafting the petition, but not at trial.

V. Respondent has filed with the clerk of this court a *remittitur* for the forty dollars damages recovered in excess of the one hundred dollars prayed in the petition, and asks affirmance. *Boatmen's Benefit Association v. Kribben,* 48 Mo. 42 ; 64 Mo. 22.

ELLISON, J.—The main question presented in this case as shown by the instructions given and refused is as to the measure of damages. The question is fully settled against appellant in the cases of *Pope v. Jenkins* (30 Mo. 528) ; *Chapman v. Kerr* (80 Mo. 158) ; *Mix v. Kepner* (81 Mo. 93). Defendants evidently asked their instructions under the cases of *Woodburn v. Meyer* (39 Mo. 222), and *Miller v. Whitson* (40 Mo. 97). Each of these cases are overruled by that of *Chapman et al. v. Kerr, supra,* where Judge Henry especially approves of *Pope v. Jenkins* and disapproves of *Woodburn v. Meyer* and *Miller v. Whitson.*

The petition is deemed sufficient. While special damage to the property must be specially pleaded, yet a " general claim of damages at the conclusion of the declaration will be sufficient to entitle the party to all such damages as are the natural and immediate consequence of the defendant's acts, of which the declaration complains." Wells on Replevin, sects. 682, 671, 571 ; *Christal v. Craig,* 80 Mo. 375.

The loss of the use of the property was "the natural

and immediate consequence of the defendant's acts," and plaintiff's instruction on this phase of the case was proper.

The judgment below having been entered for forty dollars more than was asked in the petition, and plaintiff having filed a *remittitur* in this court for that sum, the judgment less that amount is in all respects affirmed, but the costs of this appeal are hereby adjudged against the plaintiff.   *Exchange National Bank v. Allen*, 68 Mo. 474, and cases cited; *Miller v. Harden et al.*, 64 Mo. 545; *Clark v. Bullock*, 65 Mo. 535.

All concur.