Payne v. Weems.

HELEN E. PAYNE, Respondent, v. DAVID P. WEEMS, Appellant.

St. Louis Court of Appeals, April 16, 1889.

1. **Replevin:** JURISDICTION. In a county having less than fifty thousand inhabitants, the jurisdiction of justices of the peace in cases of replevin is limited to those wherein the value of the property sued for and the damages claimed for the taking and detention and for injuries thereto shall not exceed, in the aggregate, one hundred and fifty dollars. The circuit court of Newton county therefore had jurisdiction of the present action of replevin, in which the value of the property was alleged to be one hundred and thirty dollars, and the damages claimed for the detention and injuries amounted to five hundred and seventy-five dollars.

2. **New Trial:** NEWLY DISCOVERED EVIDENCE. In an action of replevin, newly discovered evidence to the effect that, at the time of the bringing of the suit, the defendant had disposed of the property, so that it could not be recovered in kind, or to the effect that the plaintiff had stated that the property belonged to another person, furnishes no ground for the granting of a new trial. A new trial will not be granted on the ground of newly discovered evidence, unless it appears that such evidence would probably change the result.

*Appeal from the Newton Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*A. J. Harbison* and *Cravens & Son*, for the appellant.

The circuit court, under the pleading in this cause, had no jurisdiction of the subject-matter, but under the statute the justices of the peace in Newton county had exclusive, and not concurrent, jurisdiction with the circuit court over the cause, the amount in plaintiff's petition and affidavit being therein alleged to be of less value than one hundred and fifty dollars, to wit, one

hundred and thirty dollars; and Newton county, Mo., having less than fifty thousand population, makes the statute referred to here apply to this cause. R. S., secs. 1102, 2 81; *Mason v. Hannah*, 30 Mo. App. 190. The question of jurisdiction may be urged in the trial court below, or if omitted there it may be raised for the first time in the appellate court. *Bray v. Marshall*, 66 Mo. 122; *Brown v. Woody*, 64 Mo. 547; *Adams v. Cowles*, 95 Mo. 501. There was no evidence offered at the trial of the case touching the subject of damages, and the amount of the value of the horse was found to be sixty dollars; so this took the case out of the jurisdiction of the circuit court. There is no proof in this case as to the cow, and the jury make no finding; and taking the value of the horse, as found by the jury and the entire damages claimed, together, would not give the court jurisdiction. *Scott v. Russell*, 39 Mo. 482.

*James W. Brunk* and *R. F. Clark*, for the respondent.

The court did not err in overruling defendant's motion for a new trial, made upon the affidavit of C. E. Hall and J. E. Howard. The defendant admits having the horse in his amended answer, and is bound thereby. *Wright v. Butler*, 64 Mo., page 165. The circuit court had jurisdiction in the cause. R. S. 1879, sec. 1102. Justices of the peace have jurisdiction in all counties having less than fifty thousand inhabitants when the value of the property sought to be recovered and the damages claimed for the taking or detention and for injuries thereto shall not exceed in the aggregate one hundred and fifty dollars. R. S. 1879, sec. 2881. The pleadings of plaintiff allege that the cow was worth thirty dollars, and she so testified on the trial as above stated. The measure of the power of the court is settled by the amount presented in plaintiff's pleadings, and

not by the amount of the judgment found by the verdict of a jury. If this were the law courts in such cases would be compelled to hear the testimony and to receive the verdict of a jury, before they would know whether they had jurisdiction to try the cause or not.

THOMPSON, J., delivered the opinion of the court.

This was an action of replevin, commenced in the circuit court of Newton county, for the recovery of a horse, alleged in the petition to be of the value of one hundred dollars, and also a cow, alleged in the petition to be of the value of thirty dollars. The petition claims damages for the detention of the property sued for in the sum of five hundred dollars, and also damages for injury thereto, in the sum of seventy-five dollars, making a total claim of seven hundred and five dollars. There was a verdict for the recovery of the horse, fixing its value at sixty dollars, but no finding in respect of the cow. Judgment was entered for the plaintiff for the recovery of the horse described in the petition, or the value thereof, to-wit, sixty dollars, as assessed by the jury. The defendant, appealing to this court, assigns for error that the circuit court had no jurisdiction of the subject-matter of the action. This assignment of error is answered by the language of the statute ( R. S., sec. 2881 ), which limits the jurisdiction in replevin of justices of the peace, in counties having less than fifty thousand inhabitants, to cases where the value of the property sought to be recovered, *and the damages claimed for the taking or detention, and for injuries thereto*, shall not exceed, in the aggregate, one hundred and fifty dollars. The old rule, that the value *proved* determines the jurisdiction of justices of the peace, has been done away with by section 2895, Revised Statutes, which fixes the jurisdiction, *as far as value is concerned*, by the amount claimed in the statement and affidavit, but which does not touch the

question as to damages. It is thus seen that their jurisdiction, so far as value is concerned, is fixed by section 2895, at the amount set forth in the statement and affidavit; and that their jurisdiction, so far as damages are concerned, is fixed by section 2881, at the "damages claimed." In this case the aggregate of value claimed and of damages claimed being in excess of one hundred and fifty dollars, and Newton county being, as we judicially know, a county having less than fifty thousand inhabitants,—it follows that the circuit court had jurisdiction of the cause; for where the boundary of the jurisdiction of the justice ends, that of the circuit court commences. Our decision in this case is not at all opposed to the decision of the Kansas City court of appeals in *Mason v. Hannah*, 30 Mo. App. 190 ; for there the value of the chattel sued for was alleged to be one hundred and twenty-five dollars and no damages were alleged.

II. The second assignment of error is the refusal of a new trial on the ground of newly discovered evidence. The claim of new trial on this ground was supported by two affidavits, that of C. E. Hall and that of J. E. Howard. Mr. Hall testified that he was the constable who served the writ of replevin on the defendant, and that the defendant had disposed of the horse in controversy when the writ was served, and that he never *told the defendant* that he knew of this circumstance until the twenty-fifth of May, 1888, which was after the trial. We have had occasion to observe in a recent case ( *Funk v. Funk*, 35 Mo. App. 246 ), that the action of replevin covers all the relief that can be obtained in an action in the nature of trover, and more. We will not, therefore, reverse the judgment for the plaintiff, in an action of replevin, which is merely for the value of the chattels sued for, on the ground of newly discovered evidence tending to show that, at the

time of the bringing of the suit, the defendant had disposed of the property, so that it could not be recovered in kind. Such a ruling would drive the plaintiff to an action in the nature of trover, which would probably lead to the same result; and the multiplication of actions is contrary to the policy of the law.

The affidavit of Mr. Howard is to the effect that in a conversation with the plaintiff, Mrs. Payne, she stated that the horse in controversy belonged to her husband, and that he did not disclose these facts to the defendant until after the trial. There is nothing in this affidavit which warrants the granting of a new trial. Evidence of declarations of the parties and witnesses is always open to suspicion, and is perhaps the weakest sort of evidence which is allowed to have weight in judicial controversies. A new trial is never granted on the ground of newly discovered evidence, unless the evidence would probably change the result. *Schoenlau v. Friese*, 14 Mo. App. 436. It does not appear at all probable that evidence of an unsworn declaration of this kind would have such an effect.

The judgment will be affirmed. All the judges concur.