Malone v. Hopkins.

$\frac{40}{90}$ $\frac{331}{488}$

E. J. MALONE, Appellant, v. JAMES A. HOPKINS, Respondent.

St. Louis Court of Appeals, April 1, 1890.

Justices of the Peace: JURISDICTION. In an action of replevin the averment in the statement filed by the plaintiff, of the value of the property sued for, and of the damages for its detention and for injuries to it, conclusively determines the jurisdiction of the justice, and a dismissal of such an action for want of jurisdiction is not warranted by the fact that the plaintiff, in open court, testified to a value in excess of the justice's jurisdiction.

*Appeal from the Scott Circuit Court.*—HON H. C. O'BRYAN, Judge.

REVERSED AND REMANDED.

*Geo. N. Boughton*, for the appellant.

The statement filed with the justice fixes the value at one hundred and fifty dollars, and that settles the question of jurisdiction. R. S. 1879, sec. 2895; *Gottschalk v. Klinger*, 33 Mo. App. 410.

BIGGS, J., delivered the opinion of the court.

The plaintiff instituted this action before a justice of the peace for the recovery of the possession of certain personal property. He alleged in his complaint that the value of the property sought to be replevined was one hundred dollars. The damages for the taking and detention were stated to be twenty-five dollars. There was a judgment for the defendant before the justice, and the plaintiff appealed to the circuit court.

The cause coming on for trial in the circuit court, the plaintiff introduced testimony tending to prove his right to the possession of the property, its detention by the defendant, and its value. The plaintiff testified that the property was worth one hundred and seventy-five dollars, and, thereupon, the court, on its own

motion, dismissed the proceeding for the reason that the value placed upon the property by the plaintiff exceeded the jurisdiction of the justice. The plaintiff has brought the case to this court for review, and the foregoing ruling of the court presents the only question for our determination.

Section 6168, Revised Statutes, 1889, provides that justices of the peace in counties of less than fifty thousand inhabitants shall have jurisdiction in actions of replevin in all cases where the value of the property sought to be recovered, and the damages claimed for the taking or detention, and for injuries thereto, shall not exceed in the aggregate one hundred and fifty dollars. Section 6182 reads as follows : "The value of the property, as set forth in the statement and affidavit, shall fix the jurisdiction of the justice so far as the value is concerned; but the value of the property shall not be assessed against the defendant at a greater amount than that sworn to by the plaintiff in his statement."

The value of the property, as fixed in the complaint and affidavit, was one hundred dollars, and the damages claimed were twenty-five dollars. This brought the case within the jurisdiction of the justice, and it made no difference that the evidence showed that the property was of greater value, because the plaintiff's recovery was limited by the above statute to the amount claimed in his affidavit. In the cases of *Gottschalk v. Klinger*, 33 Mo. App. 410, and *Payne v. Weems*, 36 Mo. App. 54, this court decided that the value of the property, as fixed by the statement and affidavit in a replevin suit, is conclusive as to the jurisdiction of the justice. These cases are decisive of the question in judgment in the case at bar, and necessarily lead to a reversal. The judgment of the circuit court will, therefore, be reversed and the cause remanded. All the judges concur.