## J. PHILIP KNOCHE et al., Respondent, v. W. E. PERRY, Appellant.

### Kansas City Court of Appeals, December 2, 1901.

1. **Justices' Courts: PLEADING: EXECUTORS: EVIDENCE.** An executor may sue in his own name to recover a chattel security given either to his testator or given to himself as executor; and the fact that in replevin in a justice's court his statement claims the property as such executor, would not defeat his recovery, although he fails to produce evidence to his executorship.

2. **Bill of Sale: DELIVERY: ACCEPTANCE: EVIDENCE.** That a bill of sale has been executed, acknowledged and recorded is evidence of a delivery to and acceptance by the purchaser, and under any circumstances establishes the fact, especially where unexplained.

3. **Evidence: BILL OF SALE: INVENTORY: PRACTICE.** A bill of sale in describing the property referred to a bill of items attached and made a part thereof: *Held*, that the introduction of the bill of sale carried into the evidence the attached inventory and being signed by the purchaser made him a party to the bill of sale and he was bound thereby.

4. **Replevin: NOT SEIZED UNDER PROCESS: EVIDENCE: DEFENSE.** The allegation in a statement in replevin that the property was not seized under any process against plaintiff, need not be proved by him, but is matter of defense.

5. **———: JUSTICES' COURTS: JURISDICTION: VALUE OF PROPERTY: EVIDENCE.** The allegation of value determines the jurisdiction, and evidence showing value as beyond the jurisdiction of the justice, is not admissible.

Appeal from Jackson Circuit Court.—*Hon. Ed. L. Scarritt,* Judge.

AFFIRMED.

*Lipscomb & Rust* for appellant.

(1) There is nothing to show that plaintiffs are the executors of the estate of John P. Knoche.    Plaintiffs allege that they are such executors, and that they are entitled to the property "as such executors."    (2) There is nothing to show that the property had not been seized under any process, execution or attachment against the property of plaintiffs, or the estate of John H. Knoche.    Madkins v. Trice, 65 Mo. 656. (3) The plaintiffs failed to show that as against defendant they were entitled to the possession of the property, there being an entire want of evidence as to this point. (4) The amount sued for as shown by the statement exceeded the jurisdiction of the justice, and consequently neither the justice nor the circuit court had jurisdiction. (5) The court erred in excluding defendant's evidence tending to show that the value of the property sued for exceeded the sum of $350 and the jurisdiction of the justice.

*Brown, Chapman & Brown* for respondents.

(1) As the allegation of value and damages for injuries, as set forth in the statement filed before the justice of the peace, did not, in the aggregate, exceed $350, the justice, and the circuit court on appeal, had jurisdiction; and jurisdiction is conclusively fixed by the averments in the statement. Laws 1891, p. 175; R. S. 1889, sec. 6182; Gottschalk v. Klinger, 33 Mo. App. 410; Payne v. Weems, 36 Mo. App. 54; Malone v. Hopkins, 40 Mo. App. 331.    (2) Respondents made their case without proof that they were executors of John P. Knoche, deceased.    The words, "executors," etc., in the note and mortgage, were merely *descriptio personae* and can be treated in this suit as surplusage.    Rittenhouse v. Ammerman, 64 Mo. 197; Tittman v. Thornton, 107 Mo. 500.    (3) Respondents made their case without proof that the property had not been seized under any process, etc.    Turner v. Lang-

don, 85 Mo. 438. (4) Respondents' evidence tended to establish that Perry, although not actually joining in the execution of the bill of sale from Fairman to him, was, nevertheless, a participant therein to his profit and benefit.

ELLISON, J.—This is an action of replevin, for a lot of personal property, begun before a justice of the peace. Plaintiff prevailed in the trial court.

After evidence for the plaintiff was introduced defendant offered to show that the property was of greater value than the jurisdiction of the justice. The offer was rejected. Defendant then demurred to the evidence which was overruled. There are several objections to the judgment earnestly urged by defendant. They are all extremely technical and are also, we think, without legal merit. Plaintiff's claim to the property is based on a chattel mortgage from one Fairman, and a bill of sale to defendant subject to the mortgage.

. It appears that plaintiffs, in their statement filed with the justice of the peace, styled themselves as executors of the estate of John P. Knoche and stated that "as such executors" they were entitled to the possession of the property described. It further appears that there was no formal proof made that they were executors. If the note and mortgage securing the same were executed to plaintiffs as executors, they could nevertheless bring an action thereon in their individual names. Tittman v. Thornton, 107 Mo. 500. So, also, if these instruments were executed to the testator, the executors could bring an action in their individual capacity.

But defendant claims that since the statement in this case alleges the claim to the property to be made "as executors," then there must be proof that they were executors. If this case had originated in the circuit court, there would be more ground for defendant's contention. Bliss on Code Pleading, sec. 53. For in that jurisdiction, technical pleading

and the consequences of failure to support it with proper proof prevail to a far greater extent than in justices' courts. We do not believe it to be essential that in a case in the latter court, where the action may be maintained by the plaintiff in his individual capacity, he should prove his representative capacity merely for the reason that he has stated in his statement that he was entitled to the property in that capacity.

It is also contended that there was no proof that defendant's title or claim to the property is through plaintiffs, or their testator, or Fairman. And also that there was no proof that Fairman ever owned the property; or that the property found in defendant's possession was the same property mentioned in the bill of sale.

It was shown that Fairman executed the chattel mortgage, and that subsequently he executed the bill of sale, above mentioned, to defendant, which recites that defendant assumed to pay the mortgage debt by divided payments. The mortgage and bill of sale were recorded. But defendant contends that he did not sign the bill of sale and therefore it is of no probative force against him. It is true, he did not sign the bill of sale. But it is a misconception of the record to say that it contains no evidence relating to defendant's contentions.

First, there was the chattel mortgage which on its face purported to convey Fairman's property. Next, there was the bill of sale from Fairman to defendant, which on its face purported to convey the property to defendant subject to the mortgage. This bill of sale was recorded. It is true, that thus far there was no direct affirmative evidence that Fairman owned the property he conveyed by mortgage to plaintiff, and by bill of sale to defendant, subject to the mortgage; or that defendant was a party to the contract evidenced by the bill of sale to him, or that he even knew of it. If there was evidence that defendant was a party to the bill of sale,

it includes the proposition that there was evidence that Fairman owned the property, for in that case defendant accepted it as from Fairman.    Now, while there was, as just stated, no direct evidence that defendant was a party to the bill of sale, there was yet ample evidence to raise a presumption against defendant on these questions, in the absence of anything from him to the contrary.    The fact that the bill of sale conveyed the property to him and was received, is evidence tending to establish a delivery to him, although not supplemented by proof that he actually accepted it.    What will be regarded as a delivery and as a presumption of acceptance of a deed, has been discussed by us in Fischer Leaf Co. v. Whipple, 51 Mo. App. 181, and by the Supreme Court in Major v. Hill, 13 Mo. 247; Burke v. Adams, 80 Mo. 504; Standiford v. Standiford, 97 Mo. 231; Hall v. Hall, 107 Mo. 101; Cravens v. Rossiter, 116 Mo. 338, and Kuh v. Garvin, 125 Mo. 547.    Those cases do not present the exact question before us in this case, but they undoubtedly show that the execution, acknowledgment and recording of a deed of conveyance *is evidence* of a delivery to and acceptance by the grantee therein.    And such evidence may, under many circumstances and conditions, be sufficient to *establish the fact.*

In this case the defendant offered no explanation.    He failed to become a witness and failed to show by fact or circumstances anything to contradict plaintiffs' case on this head. He relied solely on his demurrer to the evidence.

But there is yet less excuse for defendant's claim that there was no evidence tending to show the matters above set out.    The bill of sale had attached thereto an inventory of the property, signed by defendant and certified by him to be correct.    He certifies to the place where the property was; being the same place named in the bill of sale.    But defendant claims the inventory signed by him was not introduced in evidence.    The bill of sale refers to the inventory in the follow-

ing language: "Said machines, tools and implements being particularly described in a list hereto attached marked 'Exhibit A,' and made a part hereof." We hold, therefore, that the bill of sale, referring to the inventory of the property as a part thereof, and as being attached thereto, the introduction of the bill of sale carried with it the inventory. The whole paper introduced did not consist, alone, of the bill of sale proper, but carried with it all its parts, including defendant's signature to its being correct.

It is next urged that plaintiff's should have proved that the property had not been seized under any process against them. This is a negative averment which need not be proved by plaintiff in the first instance. It is a matter of defense to be shown by defendant. · Cobbey on Replevin, sec. 982.

It is finally contended that defendant should have been allowed to show that the value of the property alleged in the statement was less than its real value, and that in point of fact its value was beyond the amount for which a justice of the peace has jurisdiction. The value fixed by the statement was within the jurisdiction of the justice. The statute is that the value alleged shall determine the question of jurisdiction. R. S. 1899, sec. 3914; Gottschalk v. Klinger, 33 Mo. App. 410; Malone v. Hopkins, 40 Mo. App. 331.

The judgment of the circuit court is, with the concurrence of the other judges, affirmed.