BENJAMIN P. SAUNDERS, Appellant, v. JOHN D. SCOTT, Respondent.

Kansas City Court of Appeals, May 25, 1908.

1. JUDGMENTS: Nunc Pro Tunc Entry: Replevin: Costs. Where in a replevin case the judgment is that the defendant recover damages and the replevined property, without mentioning the cost, it is held that there is sufficient record for a *nunc pro tunc* judgment in regard to the costs, since the judgment was intended by the court to be in accordance with the requirements of the statute which requires a judgment for the costs, and any other entry is a mere misprision of the clerk.

2. JUSTICES' COURTS: Replevin: Jurisdiction: Appeal. In replevin cases the justice only has jurisdiction where the value of the property replevined and the damages for taking it does not exceed two hundred and fifty dollars; and any excess of that amount leaves the justice and the appellate court alike without jurisdiction, nor can the appellate court render a greater judgment than the justice court.

3. ————: ————: ————: ————: Judgment for Defendant. But where on a trial of a replevin case the judgment is for the defendant and the jury assesses the value of the property and the damages at a greater sum than two hundred and fifty dollars, the judgment for such larger amount will be valid, since the statute permits a finding for the defendant for the value of the property and the damages for the withholding without regard to the amount.

4. ————: ————: ————: Statement. A statement in replevin in a justice's court is held to give the justice jurisdiction.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*James W. Boyd* and *S. S. Shull* for appellant.

(1)   No *nunc pro tunc* judgment can be rendered unless there is some court record evidence or memoranda upon which to base the new entry.  Burnside v.

Saunders v. Scott.

Wand, 170 Mo. 543; Burns v. Sullivan, 90 Mo. App. 1; Dawson v. Waldheim, 89 Mo. App. 249. (2) The respondent acted upon the original judgment, and ratified it, by taking and receiving thereunder the personal property therein mentioned. Having thus availed himself of that portion of the judgment, he is estopped from calling in question the regularity, efficiency, or entirety of the original judgment. Aull v. Trust Co., 149 Mo. 15; State v. Lubke, 15 Mo. App. 167; Sachleben v. Heintz, 117 Mo. 529; Smith v. Kanda, 85 Mo. App. 35. (2) The jurisdiction of the circuit court was derivative. If the justice of the peace had no jurisdiction of the case, then the circuit court had no jurisdiction either to render the original judgment or to render a *nunc pro tunc* judgment. Under said statement the justice of the peace in Platte county had no jurisdiction. Hence the circuit court had no jurisdiction. R. S. 1899, secs. 3830, 3900, 3914, 4059; Nenno v. Railroad, 105 Mo. App. 552; Jones v. Burden, 56 Mo. App. 199. (3) Even if the justice of the peace of Platte county had jurisdiction of the subject-matter of the action, yet the judgment originally rendered by the circuit court was beyond the jurisdictional power of the justice of the peace; and, therefore, beyond the jurisdiction of the circuit court. The circuit court's original judgment was therefore void. The judgment of the circuit court as originally rendered, assessed the value of the property at $225 and the damages at $360, an amount beyond the jurisdiction of the justice of the peace. R. S. 1899, secs. 3830, 3900, 3914, 4059; Jitski v. Goldberg, 38 Wis. 230.

*Allen, Gubbert & Mitchell, James H. Hull* and *Chas. H. Hillix* for respondent.

(1) The matters contained in the bill of exceptions as printed in full in appellant's abstract of record, and not any other matter contained in or added to such abstract of record, are the only matters which the ap-

pellate court can consider in passing upon this case. Sloan v. Mitchell, 84 Mo. 546; Hope v. Blair, 105 Mo. 94. (2) There was ample evidence to sustain the *nunc pro tunc* order of court. Burnside v. Wand, 170 Mo. 531; Robostelli v. Railroad, 34 Fed. 507; R. S. 1899, sec. 3157; Harlan v. Moore, 132 Mo. 490; R. S. 1899, sec. 1547; R. S. 1899, sec. 3922; R. S. 1899, sec. 4474; Sheridan v. Forsee, 114 Mo. App. 590; Witten v. Robison, 31 Mo. App. 535. (3) The court had ample jurisdiction in this case, even if it were a question in issue, for the reason that the value of the property and not the amount of damages asked fixes the jurisdiction. R. S. 1899, sec. 3914; Gottschalk v. Clinger, 33 Mo. App. 410; Malone v. Hopkins, 40 Mo. App. 331. (4) The question as to the jurisdiction of the court to render a judgment in the first instance is not a question arising under the pleadings in this case. No such question is involved. Appellant cannot attack this judgment in this collateral proceeding. A judgment can only be attacked on appeal or writ of error. Kansas City ex rel. v. Winner, 58 Mo. 299; Hope v. Blair, 105 Mo. 93; Maxwell v. Quimby, 90 Mo. App. 469; Meyers v. Miller, 55 Mo. 338; Livingston v. Allen, 80 Mo. App. 521; Rowden v. Brown, 91 Mo. 429; Howland v. Railway, 134 Mo. 474; Livingston v. Allen, 83 Mo. App. 294; Shoe Co. v. Fry, 104 Mo. App. 134.

ELLISON, J.—This is a proceeding based upon a motion filed by defendant to correct a judgment *nunc pro tunc*. The motion was sustained and plaintiff appealed to this court.

Plaintiff. brought a replevin suit against defendant to recover the possession of certain farming implements and two horses. Defendant prevailed at the trial, the jury returning the following verdict: "We, the jury, find that the right of the property and possession thereof in the property mentioned in evidence, to-wit:

One bay horse, one black horse, one wheat drill and one Deering binder, was at the commencement of the suit in the defendant, and we assess the value of the same at two hundred and twenty-five dollars ($225) and assess defendant's damages at three hundred and sixty dollars ($360)."

Upon that verdict there was entered the following judgment: "It is therefore ordered, adjudged and decreed by the court that the defendant recover of plaintiff the sum of three hundred and sixty dollars ($360) as his damages and further that the defendant recover of plaintiff one bay horse, one black horse, one wheat drill and one Deering binder, or that defendant recover of plaintiff the sum of two hundred and twenty-five dollars ($225) in lieu of said above-described property, at the election of the plaintiff."

The motion charges that the judgment as entered is not the judgment in fact rendered by the trial court, in this, that instead of adjudging that defendant recover $225, the value of the property, in lieu of the property itself, at the election of the *plaintiff*, the judgment was in fact rendered "at the election of the *defendant*." That instead of there being no judgment rendered for the costs, there was in fact a judgment in defendant's favor for the costs. At the hearing of the motion it was admitted that the property was received back by defendant in lieu of its value, and on that account the court did not sustain the motion as to the election being in defendant instead of plaintiff. But the court did sustain the motion so as to make the judgment show that costs were adjudged against the plaintiff and that defendant should have execution.

All we can see that there is to determine on this appeal is whether enough is disclosed in the record of the original proceeding to authorize a judgment *nunc pro tunc* during the omission of a judgment for costs. The record shows a trial and return of a verdict, and

the judgment thereon, as already set out. The judge's minutes show submission to a jury; that there was a verdict for defendant giving value of the property at $225, and defendant's damages $360. Where, upon the trial of a cause, a judgment is shown to have been rendered for one of the parties and the statute directs what that judgment shall be, it is presumed the judgment rendered was such judgment as only could be rendered; anything else will be attributed to the misprision of the clerk. [Railway v. Mockbee, 63 Mo. 348; Burns v. Sullivan, 90 Mo. App. 1. c. 5.] In this State the statute as to costs requires that the "prevailing party shall recover his costs." [Sec. 1547, R. S. 1899.] But in addition to this, there is a special provision in the replevin statute, both in courts of justices of the peace and circuit courts, that the judgment must include the costs. [Secs. 3922, 4474, R. S. 1899.]

Each of the parties has cited us to Burnside v. Wand, 170 Mo. 531. The general rule is clearly stated in that case. The court then enters upon a discussion, at length, to show that the statute did not require a judgment such as had been entered *nunc pro tunc.* Thereby confirming the rule which we have stated above, that if the statute prescribes the judgment and one is rendered, it is presumed to be the one prescribed, and if one not prescribed is entered, it will be presumed to have been done by misprision of the clerk. We do not place much consequence in the fact that one of the attorneys for defendant blocked out in part the form of the judgment which the clerk entered. It was not the judgment as entered, though following it in most part. It did not cover the question here considered. Some point is made about infirmities in the motion for the *nunc pro tunc* order as it appears in the bill of exceptions. It is properly set out in defendant's additional abstract of the record proper. From the foregoing it appears the court took the proper view of the

law as to its power to correct the judgment by adding the part for the recovery of costs and for execution. And we will affirm the judgment unless the following consideration prevents.

It appears that the cause originated before a justice of the peace in Platte county, which contains less than fifty thousand population. The jurisdiction of justices of the peace in replevin in such counties exists only "when the value of the property sought to be recovered, and the damages claimed for the taking or detention and for all injuries thereto, shall not exceed, in the aggregate, two hundred and fifty dollars." [Sec. 3900, R. S. 1899.]

That section states and determines the jurisdiction of a justice of the peace in replevin actions. The amount claimed, value and damages, must not, in the aggregate, exceed $250. There is another section (3914) which reads: "The value of the property, as set forth in the statement and affidavit, shall fix the jurisdiction of the justice so far as the value is concerned; but the value of the property shall not be assessed against the defendant at a greater amount than that sworn to by the plaintiff in his statement." But that does not affect the former section. It only permits the plaintiff to name the value in an amount which, when added to the amount claimed for damages, will not exceed $250, and this value, so fixed, determines the jurisdiction, regardless what the actual value may be. [Maloney v. Hopkins, 40 Mo. App. 331; Knoche v. Perry, 90 Mo. App. 483.]

In cases arising before a justice of the peace, appealed to the circuit court, the latter court's jurisdiction is appellate, and if the former had no jurisdiction neither will the latter. [Nenno v. Railroad, 105 Mo. App. 540.] More than that, the circuit court cannot, on appeal, render a judgment in an amount which the justice, for lack of jurisdiction, could not have rendered.

Saunders v. Scott.

But the foregoing sections and remarks refer to the plaintiff's action, as such, and they were not intended as a limitation on the jurisdiction of the justice when the finding is for the defendant, as it was here. The statute (section 3921) provides that if the finding shall be for the defendant the jury "shall also find the value of the property, or value of the possession, and such damages for withholding said property as may be just and proper." It is thus seen that there is no limit fixed to the amount for which the justice may render judgment in a defendant's behalf. It would be quite out of reason to permit a plaintiff to conclude a defendant on the value of the property, or on the amount of his damages. A plaintiff might replevin a defendant's property of the value of $1,000, to his great damage, by alleging its value to be $200, and his damages to be $50, and then lose or destroy it. Is a defendant to be concluded by allegation of the plaintiff? The statute certainly does not conclude him. He is brought into court without his fault and the statute is so worded as to afford him full relief in the judgment.

In this case the value of the property was alleged to be two hundred dollars. Then there are allegations as to the wrongful taking from plaintiff and that he detains the same, to plaintiff's damage in the sum of $250. Then there is a demand for judgment for possession of the goods and for fifty dollars damages for their wrongful taking and detention; "and in case a delivery of said property cannot be had, then plaintiff prays judgment for $250, the value thereof and damages done to said plaintiff for said wrongful taking thereof by defendant from plaintiff." A fair interpretation of the complaint shows that plaintiff meant to confine himself to the aggregate sum of $250. The justice therefore had jurisdiction of the case.

The judgment will be affirmed.    All concur.