ADDIE B. WELLS, Appellant, v. ALMA DE GOUVEIA and MAUD GORDON, Respondents.

Kansas City Court of Appeals, February 5, 1912.

JUSTICES OF PEACE: Jurisdiction: Reducing Counterclaim. Plaintiff sued for rent in a justice court. Defendants filed a set-off exceeding the jurisdiction of a justice of the peace, but afterwards obtained permission to reduce their set-off to bring it within the jurisdiction of the justice. *Held,* that it was not error to allow the set-off to be thus reduced.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*James Fairweather* and *W. A. Taylor* for appellant.

*Metcalf, Brady & Sherman* for respondents.

BROADDUS, P. J.—The plaintiff began her suit in a justice's court by filing a statement against the defendants, as tenants of certain premises, alleging that the tenancy was from week to week at a rental of $3.75, payable in advance; that the sum of $7.50 rent accrued and was due and unpaid to plaintiff, although demand had been made and praying judgment for the amount and for possession of the premises.

Defendants filed a set-off consisting of a promissory note executed by plaintiff and payable to defendants in the sum of $450.00, bearing five per cent interest. The plaintiff filed a motion to dismiss the set-off assigning as a reason therefor that the amount thereof exceeded the jurisdiction of the justice of the peace.

The defendants by permission of the court were allowed to reduce their set-off $150 in order to bring the amount within the jurisdiction of the justice. Judgment was rendered for the plaintiff for possession of the premises and for $7.50, the amount for rent due, and after deducting this amount from defendants' set-off judgment was rendered for $295.80 in favor of defendants. Plaintiff appealed from the judgment to the circuit court of the county. In the circuit court the plaintiff's motion to dismiss defendants' counterclaim was again overruled.

The only question is, was the court authorized to permit the reduction of defendants' set-off so as to bring the claim within the jurisdiction of the justice? Where the plaintiff brought suit before a justice of the peace against defendant for killing his dog, and laid his damages at $1000, "on motion to dismiss for excess of claim, the plaintiff amended his

statement so as to make his claim but $50, and went
to trial." It was held that the amendment was proper.
[Burden v. Hornsby, 50 Mo. 238.] In Denny v. Eckel-
kaup, 30 Mo. 140, the plaintiff was permitted to re-
duce his claim to within the limits prescribed for the
jurisdiction of a justice. In Caldwell v. Fitzpatrick,
34 Mo. 276, the plaintiff was allowed to give the jus-
tice jurisdiction by entering a voluntary credit on
his cause of action.

But we have other decisions of the Supreme Court
which deny to the defendant the right in certain cases
to give jurisdiction by crediting his demand with the
amount of plaintiff's demand. "A party sued before
a justice filed as an off-set an account exceeding the
justice's jurisdiction, but attempted to be brought
within it by a credit for the amount of the plaintiff's
demand. Held, that this could not be allowed as a
set-off." [Almeida v. Sigerson, 20 Mo. 498.] "In
a suit before a justice, defendant cannot introduce
proof of set-off on an account which exceeds the ju-
risdiction of the justice, although by crediting plain-
tiff's demand upon it the claim is reduced to within
the limit of the jurisdiction." [Reed v. Snodgrass, 55
Mo. 100.] The decision of Emery v. Ry. Co., 77 Mo.
341, we do not think has any particular application
to the question.

There is no conflict in the decisions referred to.
The right of a party to a suit to bring his claim,
within the limits of the justice's jurisdiction by vol-
untarily entering a sufficient credit thereon seems to
be free from doubt. The appellant seems to think
that the plaintiff may do so, but that the defendant
cannot under these decisions, but this is a mistake,
for it would be a poor rule that would not work both
ways. While a party defendant may bring his claim
within the jurisdiction of the justice, he cannot do
so by crediting it with the amount of plaintiff's claim.
The credit so entered must be made without refer-

ence to and independent of the claim of the plaintiff. Such is the purport of the foregoing decisions. It, therefore, follows that there was no error in the action of the trial court and the same is affirmed.

All concur.