## C. E. STEPHENS, Appellant, v. HENRY REBERET, Respondent.

**Springfield Court of Appeals, December 12, 1914.**

1. **JUSTICES OF THE PEACE: Jurisdiction: Statutory Provisions.** Plaintiff filed statement and affidavit in replevin before a justice of the peace alleging the value of the property to be $250 and the damages to be $50 for its detention. The action was brought in a county having a population of less than 50,000 inhabitants. The justice had no jurisdiction, because under Secs. 7758, 7759, R. S. 1909, in such a county, a justice of the peace in such action has jurisdiction only where the value of the property and the damages are not in excess of $250.

2. ————: **Jurisdiction: How Fixed.** In an action of replevin before a justice of the peace the value of the property as set forth in the statement and affidavit which must be filed fixes the jurisdiction of the justice as to the value. [Sections 7759, 7772, R. S. 1909.]

Appeal from Pemiscot County Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*Jere E. Gossom* for appellant.

The justice had jurisdiction of the subject-matter; and the plaintiff had a right to waive his claim for damages, thereby giving the justice jurisdiction. Buckner v. Armour, 1 Mo. 534; Best v. Best, 16 Mo. 530; Koester v. Lowenhardt, 160 S. W. 566; Wells v. Gouveia, 161 Mo. App. 563; Cook et al. v. Decker et al., 63 Mo. 328. A party may give jurisdiction to a justice of the peace by a voluntary renunciation of a part of his demand. It matters not what way the reduction of the demand is made, so the amount claimed is within the jurisdiction of the justice. Denny v. Eckelkamp, 30 Mo. 141; Wells v. Gouveia, 161 Mo. App. 565; Caldwell's Assignee v. Fitzpatrick et al., 34 Mo. 276; Hempler v. Schneider, 17 Mo. 258, 260; Matlack v. Lare, 32 Mo. 262.

*Ward & Collins* for respondent.

The justice of the peace court, before whom the case was instituted, had no jurisdiction and the circuit court acquired none and properly dismissed appellant's case. Justice courts are of limited and inferior jurisdiction and their jurisdiction must appear on the face of the proceeding, because their power is confined strictly to authority given by the statute. Smith v. Rock Co., 132 Mo. App. 297; Severn v. Railroad, 149 Mo. 631; State ex· rel. v. Cotton, 135 Mo. App. 167; Grant v. Stubblefield, 138 Mo. App. 555. Sections 7758 and 7772, R. S. 1909, fix and determine the jurisdiction of the justice of the peace in replevin suits. The amount claimed, value and damages, must not in the aggregate exceed $250, and the allegation of such value and damage conclusively determines the jurisdiction. Sonders v. Scott, 132 Mo. App. 214; Knocke v. Penny,

90 Mo. App. 483, 488; Gottschalk v. Klinger, 33 Mo. App. 417; Malone v. Hopkins, 40 Mo. App. 331; Payne v. Weems; 36 Mo. App. 54, 56.

ROBERTSON, P. J.—Plaintiff filed his statement and affidavit in replevin before a justice of the peace to recover possession of a cow and corn in the possession of the defendant. The defendant appeared and filed a motion to dismiss, alleging as his reason therefor that the justice had no jurisdiction. The motion was sustained and later the judgment sustaining it was set aside and thereafter the motion was overruled. The plaintiff then filed an amended statement and affidavit alleging the value of the cow and corn to be $250 and claimed $50 as damages for the taking and detention thereof, for all of which he prayed judgment. The cause then proceeded to trial before the justice of the peace and as the result it was found that the value of the property was $140, and the judgment recites that the plaintiff claimed no damages. The defendant appealed to the circuit court and there renewed his motion to dismiss which was sustained, and the plaintiff has appealed. The plaintiff did not offer to amend his statement in the circuit court and his right to do so is not, therefore, before us for consideration.

At the hearing of the motion plaintiff, over the objection of defendant, offered testimony for the purpose of proving that he in the justice of the peace court, abandoned all claim for damages. Under section 7758, Revised Statutes 1909, the jurisdiction of a justice of the peace in counties such as this county is, having a population less than 50,000 inhabitants, in actions brought for the recovery of personal property, is limited to cases where the value of the property sought to be recovered, and the *damages claimed* for the taking or detention and for all injuries thereto, shall not exceed, in the aggregate, $250. By section 7772, Revised Statutes 1909, it is expressly provided that the value

of the property, as set forth in the statement and affidavit, fixes the jurisdiction as to the value, and we are governed by the statement and affidavit as to the "damages claimed" by reason of said section 7758. [Payne v. Weems, 36 Mo. App. 54, 56 and 57; Saunders v. Scott, 132 Mo. App. 209, 214, 111 S. W. 874.] These two sections of the Statute are the same as when first enacted (Revised Statutes 1879, sections 2881 and 2895), except that there has been a change as to the amount that may be involved (Laws 1891, pages 174 and 175). Other decisions are cited by respondent as bearing upon this construction of the Statute: Gootschalk v. Klinger, 33 Mo. App. 410, 417; Malone v. Hopkins, 40 Mo. App. 331, 332; Koche v. Perry, 90 Mo. App. 483, 488.

Appellant has cited Best v. Best, 16 Mo. 530; Koester v. Lowenhardt, 177 Mo. App. 699, 160 S. W. 566; Wells v. De Gouveia, 161 Mo. App. 563, 143 S. W. 517, and Cook v. Decker, 63 Mo. 328, on the question of the right of a plaintiff, where he has brought an action to obtain a money judgment in an amount in excess of the jurisdiction of a justice of the peace, to abandon a portion of his claim and thereby confer jurisdiction. But in all of those cases there was an amendment of the account or statement to bring the demand within the jurisdiction, except in the Best case where it is said "that the justice was authorized to enter a credit on the claim." In the case at bar no one but the plaintiff, or his agent, or attorney could amend. Since in an action of replevin the courts have been holding that section 7758 is as conclusive on the "damages claimed" as is section 7772 on the value of the property and some of these opinions were extant long before the Legislature amended what is now section 7758 we should hesitate to change that rule, because if the Legislature deemed this construction unreasonable it would likely have changed the statute in this respect when

the amendment was made.    State v. Schenk, 328 Mo. 429, 455, 142 S. W. 263.

The "sum demanded" under section 7395, Revised Statutes 1909, conferring jurisdiction where a money judgment is sought, differs very materially from an action in replevin where, under section 7759, the plaintiff must accompany his statement with an affidavit. In the case at bar the plaintiff, in the face of the motion to dismiss, amended his statement so that the justice of the peace had no jurisdiction and we can see no equity in his claim that he, as a matter of fact, intended to and did waive the damages.

The judgment is affirmed.    *Sturgis* and *Farrington, JJ.,* concur.