UNIVERSAL CREDIT COMPANY, RESPONDENT, v. ENOS A. AXTELL, APPELLANT.—124 S. W. (2d) 555.

Kansas City Court of Appeals. June 13, 1938.

*Enos A. Axtell, pro se.*

*Gossett, Ellis, Dietrich & Tyler* for respondent.

REYNOLDS, J.—This is an appeal from an order of the Circuit Court of Jackson County, at Independence, overruling a motion by the appellant, Enos A. Axtell, to set aside a default judgment rendered in a cause determined therein, wherein the respondent, the Universal Credit Company, a corporation, was the plaintiff and he, the appellant and movant, was the defendant.

The original cause in which such judgment was rendered was filed before a justice of the peace of Washington township in Jackson county and was later transferred on change of venue to a justice of

the peace of Prairie township in said county and reached the circuit court of Jackson county at Independence on appeal from the determination made thereof by the latter mentioned justice. It was tried in the circuit court before the judge thereof on June 13, 1934, resulting in a judgment for the respondent. The appellant did not appear on such trial but made default.

The action was one in replevin by the respondent (the plaintiff therein) to recover possession of a certain Ford truck, to the possession of which the respondent, in its amended statement duly verified and filed before the justice of the peace, alleges that it was entitled. It is further alleged in such statement that the truck was wrongfully detained by the appellant (the defendant therein) in Jackson county; that its value was $250; that it had not been seized under any process, execution, or attachment against the property of the plaintiff therein; and that, unless it was taken from the possession of the defendant therein, such plaintiff would be in danger of losing the same.

In such statement, the respondent prayed judgment for the recovery of the truck and the damages for the unlawful detention thereof and for his costs. No damages were otherwise alleged in the statement, and the amount thereof sought to be recovered was not stated in the prayer.

The printed abstract of the record herein is very meager. It shows the amended statement filed by the respondent before the justice of the peace or the value he found the truck to have at the time of the trial before him. It shows a trial in the circuit court, the date thereof, the judgment rendered therein, and the default of the appellant upon the trial. It shows the appellant's motion to set aside such judgment, the date of its filing, the hearing thereon, the action of the court upon such hearing in overruling the same, and the order granting an appeal therefrom.

From the judgment rendered upon the trial in the circuit court, which the defendant therein (the appellant and movant herein) seeks to have set aside, it appears that the value of the truck at the time of the trial was found by the court to have been $100; and it further appears that the court found that the respondent had been damaged by reason of the appellant's wrongful detention of the truck, through its depreciation, in the sum of $176.25 and that judgment was rendered for the respondent for the recovery of the truck or, in lieu thereof, at its election, the sum of $100 and for damages in the sum of $176.25.

The first point made by the appellant as a reason why the trial court erred in not sustaining his motion to set aside the default judgment against him is that the circuit court was without authority to enter a judgment against him for damages in any amount, for the

reason that the respondent's statement in replevin does not allege any damages. This point must be ruled against the appellant.

In Burkeholder v. Rudrow, 19 Mo. App. 60, l. c. 61, which was a case in replevin, the plaintiff's petition was as follows: "Plaintiff, for cause of action, states that he is entitled to the possession of the following specific personal property, to-wit: One log wagon with two-inch tire and one log wagon with one and three-fourths inch tire; one span of bay horses, eleven and twelve years old last spring, known as the 'Ells team;' one blind bay horse eight years old last spring, and one bay horse with bald face, sixteen hands high and nine years old in the spring, all of the value of four hundred dollars, which the ·defendants wrongfully detain from the plaintiff at the county of. Grundy, and State of Missouri. Plaintiff, therefore, asks judgment for the recovery of the property and one hundred dollars damages for the detention thereof." It will be noticed that such petition made an allegation to the effect that the plaintiff had sustained damages by reason of the detention of the property in any amount; but, in the prayer, judgment for $100 was asked for such damages. The verdict was returned for the plaintiff, assessing the value of the property at $275 and assessing the plaintiff's damages for the taking and detention of said property. at $140. The plaintiff remitted $40 from such verdict, and judgment was thereupon ordered by the court for the plaintiff for the recovery of the property and $100 for its detention. Such judgment was attacked by the defendants as erroneous upon the record, in that the petition failed to allege any damages and that the plaintiff, not having alleged damages, was not entitled to recover damages; and it was further contended that the prayer of the petition in which damages were asked constituted no part of the cause of action and could not be relied on as an allegation of damages.

In passing on such contention, this court, speaking through Judge ELLISON, said, l. c. 65: "The petition is deemed sufficient. While special damages to the property must be specially pleaded, yet a 'general claim of damages at the conclusion of the declaration will be sufficient to entitle the party to all such damages as are the natural and immediate consequences of the defendant's acts, of which the declaration complains.' [Wells on Replevin, secs. 682, 671, 571; Christal v. Craig, 80 Mo. 375.]"

While the statement in the instant case does not allege special damages in any amount, it does allege the value of the property to be $250 and the wrongful detention of the same by the appellant and makes a general claim for damages on account of such detention. It is true that, in making such general claim, it does not specify the amount thereof sought to be recovered.

The only effect which the failure to specify the amount of the

damages to be recovered in the statement had on the jurisdiction of the justice was to limit such jurisdiction to the making upon the trial by such justice of such assessments of the value of the property and of the damages which would not in the aggregate exceed $250. Under the statement, the respondent was entitled to recover all of such damages as were the natural and immediate consequences of the appellant's acts in wrongfully detaining the property within the limits above noted.

While special damages must be pleaded in order to recover special damages, yet the fact that none are pleaded does not render the statement so deficient as to defeat the replevin action or to prevent the jurisdiction of the justice of such action. [Cobbey on Replevin (2. Ed.), sec. 863.]

The second point made by the appellant as a reason why the court erred in refusing to sustain his motion to set aside the default judgment against him is that such judgment was rendered contrary to law, for the reason that the petition was amended by interlineation at the time of the trial in the circuit court, without the appellant's having been served with a copy of said amended statement or having knowledge. The record, however, fails to show that the statement or petition was amended at the time of the trial by interlineation in the circuit court. The only statement shown in the record is the one before the justice upon which the cause appears to have been tried before him, in which all the amendments by interlineation therein appeared at that time. If there were any amendments made thereto by interlineation after the cause reached the circuit court, the record does not so show. The point is therefore ruled against the appellant.

The third point made as to why the circuit court erred in overruling the appellant's motion to set aside the default judgment against him is that it is not apparent from the face of the record that the justice had jurisdiction of the cause.

It is held that justices of the peace are of limited and inferior jurisdiction and there is ordinarily no intendment in their favor and their jurisdiction must appear on the face of their proceedings, especially so where the property involved fixes the jurisdiction. This is true because their power is confined strictly to authority given by the statute. [Smith v. Lyle Rock Co., 132 Mo. App. 297, 111 S. W. 831.] This rule as to jurisdictional facts appearing on the face of proceedings is adhered to with great strictness where the property involved fixes the jurisdiction. [State ex rel. Harris v. Galloway, (Mo. App.), 24 S. W. (2d) 710.]

The jurisdiction in replevin of a justice of the peace is determined by the number of inhabitants of the county within and for which he is elected and is acting and the value of the property sought to be

recovered and the damages claimed for all injuries thereto and for the taking and detention thereof or for the detention thereof.

In counties, such as Jackson, having over 50,000 inhabitants, a justice of the peace has jurisdiction where the value of the property involved and the damages claimed for all injuries thereto and for the taking and detention thereof or the detention thereof does not exceed $350. [Sec. 2548, R. S. 1929.] The jurisdiction of a justice of the peace, so far as the value of the property is concerned, is fixed by the value set forth by the plaintitff in his statement and affidavit, which is required by section 2549, Revised Statutes of 1929, to be filed in order to originate the action. [Sec. 2562, R. S. 1929; Saunders v. Scott, 132 Mo. App. 209, 111 S. W. 874.]

In order to clothe the justice with jurisdiction, a plaintiff in replevin is required to file a statement verified by affidavit setting forth, "First, that he is lawfully entitled to the possession of the property claimed, sufficiently describing it; second, that it is wrongfully detained by the defendant at the county in which the suit is brought, naming it; third, the actual value thereof; fourth, that the same has not been seized under any process, execution or attachment against the property of the plaintiff; fifth, in case the property has been injured, stating how or in what manner, and the amount of damages, if any, plaintiff ought to recover for such injuries, or for the taking and detention or detention thereof; sixth, if the plaintiff claim the possession of the property before judgment, he shall also state that he will be in danger of losing his said property, unless it be taken out of the possession of the defendant; which statement shall be verified by the affidavit of the plaintiff, his agent or his attorney, that to the best of his knowledge and belief the facts and allegations contained in such statement are just and true. If the plaintiff shall state in affidavit made by him that the property was wrongfully taken, and that his right of action accrued within one year, the defendant shall not be entitled to retain such property by giving a delivery bond." [Sec. 2549, R. S. 1929.]

In this case, the statement filed by the justice of the peace alleges the value of the property to be $250 which—without any amount being alleged for injury to the property or for its taking and detention or for its detention sufficient, when added thereto, to exceed $350—brought the action within the jurisdiction of the justice and of the circuit court on appeal from the justice. There being no amount of damages alleged but only the value, the respondent was limited to a recovery of value and damages in the aggregate in a sum not exceeding the value alleged, which was $250.

While the statement does not allege special damages in any amount, it does, as we have seen, allege the wrongful detention of the property by the appellant and makes a general claim for damages on ac-

count of such detention, which we have held sufficient to entitle the respondent to recover the natural and consequential damages for such wrongful detention, such as deterioration, without any special prayer therefor. [Burkeholder v. Rudrow, supra; Wells on Replevin, supra; Christal v. Craig, supra.]

The respondent's recovery for the value of the property and for damages for detention in an aggregate, under the statement as made, was limited by section 2562, Revised Statutes of 1929, to $250, the amount claimed in his statement. [Malone v. Hopkins, 40 Mo. App. 331.] That this is true is apparently admitted by the respondent in its brief at page 25 thereof. The justice had no jurisdiction to make assessments which, in the aggregate, exceeded the amount claimed in the statement. [Malone v. Hopkins, supra; Gottschalk v. Klisger, 33 Mo. App. 410; Payne v. Weems, 36 Mo. App. 54; Knoche v. Perry, 90 Mo. App. 483; Saunders v. Scott, supra; Cobbey on Replevin (2 Ed.), sec. 861.]

The justice having none, the circuit court acquired none upon appeal. [Saunders v. Scott, supra; Nenno v. Chicago, R. I. & P. R. Co., 150 Mo. App. 105, 80 S. W. 24.]

The record shows that, upon the appeal, the circuit court assessed the value of the property at $100 and the damages at $176.25, which sums together exceeded the amount mentioned in the petition by $26.25, and rendered judgment for the respondent for both of said sums. It must therefore be held that, in rendering judgment for the respondent for both of said sums, the circuit court exceeded its jurisdiction in the sum of $26.25 in excess of that which it had jurisdiction to render.

Under such circumstances the court could have granted the motion to set aside the judgment (Boggess v. Jordan, 283 S. W. 57), or could have overruled the motion on condition that plaintiff remit $26.25 of the judgment. Perhaps the latter would have been the better practice. [Tilley v. Moore, 229 Mo. App. 255.] However, we think the matter may be cured in this court (sec. 1063, R. S. 1929) by requiring a remittitur to be made here, and, it appearing that such remittitur has now been made, the judgment is affirmed.

PER CURIAM:—The foregoing opinion having been modified since the death of the writer thereof, Judge REYNOLDS, it is hereby adopted, in its modified form, by the court. Shain, P. J., and Bland, J., concur; Kemp, J., not sitting.